HERBERT H. FRANKS *et al.*, d/b/a Franks & Wylde, Plaintiffs-Appellants, *v.* THE TOWNSHIP OF RILEY, McHENRY COUNTY, Defendant-Appellee.

Second District   No. 76-225

Opinion filed June 16, 1977.—Rehearing denied August 3, 1977.

Franks & Wylde, of Marengo, for appellants.

Pollock, Meyers & Eicksteadt, of Marengo, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

The trial court granted the defendant's motion to dismiss the plaintiffs' complaint for the payment of legal services rendered to the highway commissioner of the township. The plaintiffs now bring this appeal. We affirm the decision of the trial court, deciding this case on the basis of the record before us.

That record discloses that the law firm of Franks and Wylde (hereafter the plaintiffs) were retained by one Richard Polivka who was the highway commissioner of the Township of Riley, a township comprising a single road district. Since on or about April 13, 1971, through the present the Township of Riley (hereafter the defendant) has retained a law firm to represent the township as township attorneys. The plaintiffs brought this action against the defendant to collect for legal services in the amount of $280 rendered since October 1, 1972, to the highway commissioner: The plaintiffs had attended township board meetings on behalf of the highway commissioner and had given legal advice to him. The township board refused to pay the plaintiffs. During the period of time in question, the township board of auditors had neither been requested by nor had it authorized the highway commissioner to employ an attorney other than the firm retained by the township.

■■   The powers and duties of the highway commissioner are set out in sections 6—201.1 through 6—201.17 of the Illinois Highway Code (Ill. Rev. Stat. 1975, ch. 121, pars. 6—201.1 through 6—201.17). A highway commissioner is a statutory officer and can exercise only those powers as are conferred upon him by statute. (*Will County v. Woodhill Enterprises, Inc.* (1971), 4 Ill. App. 3d 68, 74, 274 N.E.2d 476, 481; *Euziere v. Highway Commissioner* (1931), 346 Ill. 131, 134, 178 N.E. 397, 398.) No specific authority is contained in those provisions for the hiring of legal counsel by the highway commissioner. Yet the legislative grant carries with it by implication the power necessary to make the grant effective. *Will County v. Woodhill Enterprises; Euziere v. Highway Commissioner; City of Chicago v. Stratton* (1896), 162 Ill. 494, 503, 44 N.E. 853, 855.

We do not disagree with the plaintiffs' argument that there are times when the highway commissioner is in need of legal assistance in order to carry out his statutory duties, and may employ an attorney whenever the services of an attorney are reasonably necessary for the handling of the affairs of his office. (See 1933 Op. Att'y Gen. 400.) Likewise, we recognize that situations, such as have been illustrated by the plaintiffs in their brief, of conflicting positions may arise between the township and the highway

commissioner which would require that each receive independent advice and counsel.

■■ However, that is not the situation presented by the record before us. The township retained and has retained township attorneys since April of 1971. The legal services were performed after October 1, 1972, and consisted of attending township meetings, preparing legal opinions, conducting correspondence, and advising the highway commissioner in his official capacity. Nothing in the record before us discloses that the highway commissioner requested the township board of auditors to retain any other attorney or that the township board of auditors authorized the highway commissioner to retain other counsel. We note particularly that the record is devoid of any hint that the positions of the highway commissioner and the township were in any way conflicting during the period when these services were rendered. Furthermore, nowhere in the record does it indicate that the highway commissioner's budget contained a line item for legal services. (See Ill. Rev. Stat. 1975, ch. 121 par. 6—501.) In short, the record here discloses no basis whereby the highway commissioner would need to seek legal counsel of his own in order to handle the duties of his office.

Therefore, we specifically do not find that a highway commissioner is without authority to hire legal counsel. Under the facts disclosed in this case it does not appear that it was necessary for him to do so in order to carry out the duties and functions of his office.

Having decided this case solely on the basis of the facts in the record before us, we do not find it necessary to discuss the other arguments raised by the parties relative to whether or not the highway commissioner is a legal entity separate and apart from the township board.

As no error is raised as to the finding of the trial court that no contract existed between the plaintiffs and the defendant, the order of the trial court is affirmed.

Affirmed.

GUILD and NASH, JJ., concur.