THE WAYNE TOWNSHIP BOARD OF AUDITORS *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. GERALD P. LUDWIG, Clerk of Wayne Township, Defendant (Roy D. Paeth, Supervisor, Treasurer, and Trustee of Wayne Township, Defendant-Appellee and Cross-Appellant).

Second District No. 2—86—0143

Opinion filed April 17, 1987.

900

John F. Garrow, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellants.

Stuart L. Whitt and Susan S. Russo, both of Matthews, Dean, Simantz, Hem & Whitt, of Aurora, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This appeal arises from an award of attorney fees to defendant in a rule to show cause proceeding.

On September 28, 1983, the plaintiffs, Wayne Township board of auditors (board), and certain members of the board individually, brought a complaint for *mandamus* against defendant Gerald P. Ludwig (Ludwig), in his official capacity as clerk of Wayne Township. The complaint alleged that Ludwig denied them access to public records of the township, specifically records relating to expenditure of public funds. The board argued that access to the records was necessary to comply with their statutory obligation of auditing receipts and disbursements. The complaint alleged that Ludwig had failed to, among other things, respond to oral and written requests to produce records. Furthermore, it was alleged that Ludwig had permitted unauthorized persons access to the records and had permitted the removal of records from township offices.

On February 6, 1984, the members of the board and Ludwig entered into an agreed order and stipulation to dismiss which provided that Ludwig would be the sole custodian of the public records and would allow open and ready access to township trustees and members of the public. The order further provided that Ludwig and his assistant would be the only persons having control and possession of the records and would be the only persons having keys to cabinets where the records were stored. The court retained jurisdiction of the *mandamus* case for insuring compliance with the order.

Subsequently, the trustees were denied access to certain records consisting of claim sheets, bills, bank statements, checkbooks, and other documents needed by the trustees to make a financial audit. On June 5, 1984, the township attorney wrote a letter to Ludwig outlining his responsibility to produce required public records. The attorney enclosed a copy of the Freedom of Information Act (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201 *et seq.*) and mailed copies of the letter and act to each member of the board.

On June 15, 1984, Ludwig sent a letter to Roy D. Paeth (Paeth), supervisor, treasurer, and trustee of Wayne Township, requesting that certain records in Paeth's possession be returned to the clerk's office. On June 25, 1984, Ludwig again wrote to Paeth requesting the return of township records. On July 3, 1984, the township attorney wrote to Ludwig requesting that the records in Paeth's possession be turned over to the board since they were official records subject to the agreed order entered in the *mandamus* action and were also required to be produced under the Illinois Freedom of Information Act.

On July 20, 1984, Mary Richardson (Richardson), a member of the board, sent a letter to Ludwig and Paeth requesting certain records needed to complete the audit. In response to this request, Paeth supplied Richardson with some documentation and handwritten answers to her inquiries. On July 25, 1984, Ludwig wrote Paeth again requesting the return of records in Paeth's possession. This letter also advised Paeth that his failure to produce these records would result in litigation.

On July 26, 1984, the board convened a public meeting at which time the records were again requested. No records were produced at that time. On July 28, 1984, Paeth provided Ludwig with a key to his office. Six days later, the records were again requested at another public meeting held by the board.

On August 3, 1984, Richardson filed a petition for a rule to show cause why Ludwig should not be held in contempt for noncompliance with the *mandamus* order. The trial court ordered Ludwig to respond and scheduled a hearing for August 22, 1984. Ludwig filed a response to the petition alleging that he was unable to provide access since the records sought were in Paeth's possession. On August 22, 1984, Ludwig appeared for hearing and told the court that the records sought were in Paeth's possession. The trial court issued a subpoena commanding Paeth to appear and produce the requested records in court on the following day.

On August 23, 1984, all the parties, including Paeth, appeared for an informal conference at which time Paeth produced four boxes of

records. The trial court entered an order providing for a meeting of the board at the township offices on September 1, 1984, to inspect the records. The order also provided that Ludwig hold all records of the township. At the September 1, 1984, meeting, Paeth surrendered 16 more boxes of records. Subsequent testimony indicated that none of the records produced were inspected at this meeting.

On September 2, 1984, Ludwig entered Paeth's office and found additional records which were not produced on the previous day. Ludwig later obtained a recorded statement from Paeth that all the records had been turned over to the board. At the time of this statement, the additional records were still in Paeth's office. Subsequent testimony from a member of Paeth's staff indicated that all of the records required by the court were produced on August 23, 1984. The witness explained that the records found on September 3, 1984, were part of a special payroll project authorized by Ludwig.

On September 12, 1984, Ludwig and his attorney appeared in court and told the trial court that Paeth had refused to surrender certain records. The court entered an order that a summons issue naming Paeth as a party defendant and requiring him to appear on September 14, 1984, to show cause why he should not be held in contempt for failure to comply with the *subpoena duces tecum* served previously.

On September 14, 1984, all parties appeared, and an order was entered dismissing Ludwig as a defendant on the motion of the plaintiffs. A hearing was conducted on the rule to show cause against Paeth. At this hearing, evidence was presented that a township employee had misappropriated funds and the board was attempting to conduct an audit regarding this misappropriation. Evidence was also presented that the records sought were necessary to conduct the audit. Testimony presented established the above facts, and the hearing was continued to October 5, 1984.

On October 5, 1984, the board rested its case on the petition, and the hearing was continued to October 26, 1984, for Paeth's defense. On October 26, 1984, Paeth requested a continuance pending completion of an independent audit. The hearing was continued an additional five times over the board's objection. On April 15, 1985, the court entered an order dismissing the rule to show cause and discharging Paeth. Paeth's attorneys subsequently submitted bills for attorney fees to the board which the board failed to pay.

On July 30, 1985, Paeth filed a petition for attorney fees, to which the board responded and stated affirmative defenses. On December 19, 1985, the court allowed Paeth's petition and ordered that fees be

paid out of township funds for services rendered through April 15, 1985. The order denied Paeth's request for fees incurred subsequent to that date. The board filed a post-trial motion for reconsideration, and, after hearing, the trial court entered an order dated January 28, 1986, denying the board's motion and amending its previous order to require that the board pay $24,959.38 to Paeth's attorneys. In addition, Paeth was required to personally pay $6,765.25 to his attorneys.

The board filed a notice of appeal on February 18, 1986. The board appeals the judgment entered on January 28, 1986, and requests that this court vacate the judgment or, in the alternative, remand the case to the trial court with instructions to the trial judge to deny the petition for fees or to grant a new hearing. Paeth has filed a cross-appeal requesting that this court vacate that portion of the trial court's order denying Paeth attorney fees incurred subsequent to April 15, 1985. Paeth asks this court to remand the case to the trial court with instructions to enter judgment in his favor for all legal fees, costs, and expenses, including those incurred in litigating this appeal.

There are two issues presented for review: (1) whether the trial court erred in awarding attorney fees to Paeth for services rendered up to and including his April 15, 1985, dismissal on the rule to show cause, and (2) whether the trial court erred in denying Paeth's petition for attorney fees incurred subsequent to the trial court's order of April 15, 1985. We affirm the trial court's decision on the first issue and reverse as to the second.

Awards of attorney fees are within the discretion of the trial court, and a court of review should not disturb an award absent an abuse of discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299; *In re Estate of Healy* (1985), 137 Ill. App. 3d 406, 411.) The trial judge, as trier of fact, is in a superior position to hear and weigh the evidence and to determine the credibility and demeanor of witnesses. Accordingly, a court of review should not reverse the court's judgment unless the findings are clearly and palpably contrary to the manifest weight of the evidence. (*In re Estate of Elson* (1983), 120 Ill. App. 3d 649, 655.) For a finding or judgment to be against the manifest weight of the evidence, an opposite conclusion other than that reached must clearly be correct. 120 Ill. App. 3d 649, 655.

The board contends that the Township Law of 1874 (Township Act) (Ill. Rev. Stat. 1985, ch. 139, par. 126.1) grants the board the sole authority to employ and compensate legal counsel for the town and town officers. The board maintains that the trial court erred in awarding fees to Paeth since the board had specifically refused to em-

ploy counsel to represent him. The board further contends that the trial court erred since Paeth presented no evidence during the rule to show cause proceedings that his actions were legal and within his official capacity; therefore, no legal basis for an attorney fee award exists. Alternatively, the board argues that if such a basis exists, the decision reached was against the manifest weight of the evidence.

Paeth responds that the rule to show cause proceedings are not relevant to whether or not the award of attorney fees was correct, and that even if relevant, there is an adequate basis in the record for the trial court's findings. Paeth further contends that he is entitled to attorney fees for litigating the fee petition and in prosecuting this appeal.

■■ ■ Initially, we note that the board has failed to include in the record a transcript of proceedings on Paeth's fee petition. An appellant has the burden to present a sufficiently complete record of proceedings at trial to support his claim of error, and in the absence of such a record on appeal, it is presumed that the order entered by the trial court is in conformity with the law and has a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Since the board claims error on the fee award, this court may, in the absence of a proper record on these proceedings, dismiss the board's appeal (*Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 1043-44; *Lill Coal Co. v. Bellario* (1975), 30 Ill. App. 3d 384, 385), or, in the alternative, summarily affirm the trial court's decision (*Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 1032). Paeth contends that the Board omitted transcripts of the fee petition proceedings because it did not present any evidence in support of its affirmative defenses. Where a party fails to present evidence in support of its affirmative defenses, these defenses are deemed waived. (*Baylor v. Thiess* (1971), 2 Ill. App. 3d 582, 584.) Therefore, Paeth argues that the board may not properly challenge the trial court's award. In the alternative, Paeth argues that the attorney fee award is proper under Illinois law. On the basis of the record presented, we find adequate grounds for a fee award.

First, we disagree with the board's contention that Paeth was without authority to hire an attorney. Section 126.1 of the Township Act provides, *inter alia*, that the township board of trustees may employ and fix the compensation of a township attorney. (Ill. Rev. Stat. 1985, ch. 139, par. 126.1.) In the instant case, the board, represented by the township attorney, has brought an action against Paeth in his official capacity as a township officer. Paeth contends that he is entitled to employ independent counsel to represent him in this action

since the township attorney is representing the board. We agree.

In support of his contention, Paeth cites "An Act to provide for representation and indemnification in certain civil law suits" (State Act) (Ill. Rev. Stat. 1985, ch. 127, par. 1302). Generally, the State Act provides that the Attorney General should represent and indemnify State employees for civil suits brought against them for any act or omission occurring within the scope of the employee's State employment. (Ill. Rev. Stat. 1985, ch. 127, par. 1302.) The State Act further provides that in the event the Attorney General determines that appearing and defending an employee either (1) involves an actual or potential conflict of interest, or (2) that the act or omission which gave rise to the claim was not within the scope of the employee's State employment, the Attorney General should decline to appear or defend or shall promptly take appropriate action to withdraw as attorney for the employee. Upon the occurrence of one of these events, the State employee may employ his own attorney to appear, and the State shall pay the employee's reasonable court costs, litigation expenses, and attorney fees. (Ill. Rev. Stat. 1985, ch. 127, par. 1302.) Similarly, wherever an Attorney General or State's Attorney is interested in any cause or proceeding in which he has a duty to prosecute or defend, the court may appoint an attorney to prosecute or defend the proceeding in his place. (Ill. Rev. Stat. 1985, ch. 14, par. 6.) We believe these same principles should apply to the facts of this case. Accord, *Franks v. Township of Riley* (1977), 50 Ill. App. 3d 99.

In *Franks*, a township highway commissioner hired a law firm to provide him with legal advice. (50 Ill. App. 3d 99, 100.) The township board had not authorized the commissioner to hire the firm and refused to pay the firm's legal fees incurred in representing the highway commissioner. (50 Ill. App. 3d 99, 100.) The law firm brought an action against the township to recover fees. (50 Ill. App. 3d 99, 100.) The plaintiffs argued that a highway commissioner is entitled to legal assistance in order to carry out his statutory duties and may employ an attorney whenever legal services are reasonably necessary for handling the affairs of his office. (50 Ill. App. 3d 99, 100.) The plaintiffs further argued that as a result of conflicting positions arising between the township and the highway commissioner, each party should be entitled to receive independent advice and counsel. (50 Ill. App. 3d 99, 100.) The trial court dismissed the plaintiff's complaint. On appeal, the court agreed that the highway commissioner was entitled to hire an attorney. (50 Ill. App. 3d 99, 100.) However, the court concluded that the facts presented did not give rise to a conflict of interest sufficient to justify hiring independent legal counsel. 50 Ill. App. 3d 99,

101.

■ In the instant case, an actual conflict exists between the town board and one of its officers. Since the board is represented by the township attorney, the town officer is entitled to be represented by independent counsel. Therefore, we conclude that Paeth was entitled to hire independent counsel to represent him in the proceeding brought against him by the board. See *Franks v. Township of Riley* (1977), 50 Ill. App. 3d 99, 101.

Furthermore, we believe that Paeth is entitled to reasonable attorney fees incurred in the defense of that action since it was brought against him in his official capacity. The board argues that the trial court erred in awarding attorney fees to Paeth because Paeth presented no evidence that the fees were incurred in litigation resulting from the performance of his official duties. The board alleges that Paeth's refusal to surrender certain records to the board on its request was contrary to fundamental principles of Illinois law governing production of public records and was, therefore, outside his official duties. Specifically, the board argues that Paeth violated provisions of the Illinois Constitution (Ill. Const. 1970, art. VIII, sec. 1(c)), the State Records Act (Ill. Rev. Stat. 1983, ch. 116, par. 43.6), the Local Records Act (Ill. Rev. Stat. 1983, ch. 116, par. 43.103a), the Township Act (Ill. Rev. Stat. 1983, ch. 139, pars. 111, 112, 126), and the Freedom of Information Act (Ill. Rev. Stat., 1984 Supp., ch. 116, par. 201 *et seq.*). The board contends that despite his knowledge of these provisions, and repeated requests to produce public records, Paeth withheld township records. The board concludes that since the attorney fees were incurred in litigation resulting from Paeth's failure to comply with Illinois law, they should not be allowed.

Paeth responds that the litigation in this case was brought against him in his official capacities as supervisor, treasurer, and trustee of Wayne Township and that he is entitled to attorney fees incurred in defending an action brought against him in the name of his office. We agree.

■ When a suit is brought against an officer of a township seeking to bind him in his official capacity, he must be sued in his official and not in his individual capacity. If it is the plaintiff's intent, as it apparently was in the instant case, to bind the defendant's office, the suit must be brought against the officer in his official capacity. See *McMechan v. Yenter* (1922), 301 Ill. 508, 511-12; *Blazer v. Highway Commissioner* (1968), 93 Ill. App. 2d 89, 94.

■ In the instant case, the trustees of the township brought an action against Paeth, in his official capacity, to compel him to produce

certain records of the township. The records were in Paeth's possession for the purposes of carrying out his duties as treasurer. We conclude that Paeth should be entitled to reasonable attorney fees incurred as a result of defending those proceedings.

We disagree with the board's contention that the trial court's decision was against the manifest weight of the evidence. The board maintains that its presentation of evidence that Paeth failed to comply with Illinois law, the *subpoena duces tecum*, and the *mandamus* order, coupled with Paeth's failure to present any contrary evidence, provides this court with a sufficient basis for reversal. In response, Paeth argues that the record provides an adequate basis for the trial court's award. We agree.

 As stated above, for a decision to be against the manifest weight of the evidence, it must be palpably erroneous such that an opposite conclusion other than that reached is clearly correct. (*In re Estate of Elson* (1983), 120 Ill. App. 3d 649, 655.) In reviewing decisions of the trial court, the object is not to determine whether the record is free from error, but, rather, to ascertain whether a just conclusion has been reached by the trial court. (*Chicago Title & Trust Co. v. Village of Lombard* (1960), 19 Ill. 2d 98, 108.) A reviewing court may consider the entire record and should affirm the trial court if any basis exists therein for so doing. *Northern Trust Co. v. Winston* (1975), 32 Ill. App. 3d 199, 208.

A thorough review of the record in this case provides more than an adequate basis for the trial court's decision. Paeth produced 20 boxes of records upon command of the court. In addition, testimony elicited in the rule to show cause proceedings indicated that none of the records produced by Paeth were examined by the board to determine whether they were among the records sought. Furthermore, the witnesses presented by the board were cross-examined by Paeth's attorney. The trial judge received the evidence, judged the credibility of witnesses, and determined the weight to be accorded to their testimony. At the conclusion of the board's presentation of evidence, the trial court dismissed the rule to show cause and discharged Paeth on the *subpoena duces tecum*.

 ██ In a civil contempt proceeding, the burden of proving that the defendant is in contempt is on the party bringing the action. The defendant must be shown guilty of the accusation by at least a preponderance of the evidence. (*People ex rel. Rusch v. Fusco* (1947), 397 Ill. 468, 470; *City Savings Association v. Mensik* (1970), 124 Ill. App. 2d 34, 41.) In the instant case, the trial court dismissed the rule to show cause after the board's presentation of evidence. The facts

presented do not lead to a contrary conclusion. Therefore, we must affirm the decision of the trial court to award fees up to and including the April 15, 1985, hearing. See *In re Estate of Elson* (1983), 120 Ill. App. 3d 649, 655.

The second issue raised by this appeal is whether the trial court erred when it denied Paeth attorney fees incurred subsequent to the April 15, 1985, dismissal of the rule to show cause. Subsequent proceedings for which fees are sought include hearings on Paeth's petition for fees and defending this appeal. Paeth argues that he is entitled to fees incurred throughout the litigation, including those fees encountered in litigating the fee petition and in defending this appeal.

The board fails to address this issue except by its general contentions, addressed above, that there is no legal basis for fees and that, in the alternative, an award of attorney fees is against the manifest weight of the evidence. Having determined these contentions to be without merit, we will turn to Paeth's right to fees subsequent to his defense of the rule to show cause proceedings.

 Generally, attorney fees and ordinary expenses of litigation are not recoverable unless authorized by statute. (*House of Vision, Inc. v. Hiyane* (1969), 42 Ill. 2d 45, 51-52.) Where costs are authorized by statute, they must be confined to those expenses necessarily incurred in prosecuting or defending the primary action. 42 Ill. 2d 45, 52.

Here, section 126.1 of the Township Act provides that a town board of trustees may hire and compensate an attorney to represent the town. (Ill. Rev. Stat. 1985, ch. 139, par. 126.1.) Furthermore, we have determined that where there is a conflict of interest between the township attorney and a town officer, the officer is entitled to hire independent counsel to represent him and that the officer's attorney fees shall be paid by the town. See *Franks v. Township of Riley* (1977), 50 Ill. App. 3d 99, 101.

In the instant case, Paeth successfully defended a civil contempt proceeding brought against him by the town board, which was represented by the township attorney. To obtain fees authorized by statute, Paeth's attorneys submitted bills to the township over a three-month period. Subsequently, when the submitted bills were not paid, it became necessary for Paeth to bring a petition for attorney fees incurred in the previous litigation. Paeth was required to prepare for evidentiary hearings on his petition and was also required to defend a post-trial motion brought by the board on the petition. Finally, Paeth was required to defend this appeal in order to vindicate the rights he was given in the trial court.

It is apparent from the record that services rendered to Paeth subsequent to the April 15, 1985, dismissal of the rule to show cause were significantly tied to vindication of his rights in that litigation. The township is refusing to pay attorney fees for which they are responsible under statute. Prosecution to enforce Paeth's right to fees is necessary to enforce the statute.

■■■ ■ The proper court to determine the appropriateness of awarding attorney fees on appeal is the appellate court which hears the appeal. (*Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 44.) We believe that the fees incurred in the proceedings to enforce the town's statutory obligation to pay for costs of litigation are recoverable. Holding otherwise would dilute the effect of the statute by requiring successful litigants to incur additional costs to enforce their rights.

Accordingly, we affirm the decision of the trial court to the extent that it awards Paeth attorney fees incurred in defending the rule to show cause proceeding up to and including April 15, 1985. Furthermore, we reverse the trial court's order denying fees for proceedings subsequent to April 15, 1985, and remand this cause to the trial court with instructions to award Paeth reasonable attorney fees incurred for prosecuting his petition for fees and in defending this appeal.

Affirmed in part; reversed in part.

DUNN and REINHARD, JJ., concur.