MICHAEL FISCHER *et al.*, Plaintiffs-Appellants, v. GENE J. BROMBO-LICH *et al.*, Defendants-Appellees.

Fifth District   No. 5—92—0291

Opinion filed July 21, 1993.—Rehearing denied August 11, 1993.

William C. Evers III, of Collinsville, for appellants.

Dwight Taylor, Corporation Counsel, and Paul Welch, both of Collinsville, and Kevin F. Blaine and Kathleen A. Buckley, both of Coppinger, Carter, Schrempf & Blaine, Ltd., of Alton, for appellees.

PRESIDING JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs Michael Fischer, Mel Jones, and Alverna Wrigley appeal from an order denying their motion for attorney fees and costs against Gene J. Brombolich, Virginia M. Trucano, Melvin Pamatot, and the City of Collinsville. We affirm.

At the time this litigation began, Fischer was the elected commissioner of public health and safety (police and fire commissioner) of the City of Collinsville. Plaintiffs Jones and Wrigley are two citizens of Collinsville who helped elect Fischer to the position of commissioner of public health and safety. During Fischer's term of office, the city council voted 3-2 to transfer control of the police department and the canine-control department from Fischer's commissioner's post to the mayor in the department of public affairs.

Plaintiffs obtained a temporary injunction against the enforcement of the ordinance. The temporary injunction was upheld on appeal. (*Fischer v. Brombolich* (1991), 207 Ill. App. 3d 1053, 566 N.E.2d 785.) A permanent injunction was entered April 11, 1991.

On April 10, 1991, plaintiffs filed a motion for attorney fees and costs. Defendants moved to dismiss plaintiffs' petition, and the trial court allowed it. In its order, the trial court found that the actions of the individual defendants and the City of Collinsville were not in bad faith and that there was no evidence to suggest a Supreme Court Rule 137 violation (134 Ill. 2d R. 137). The trial court also noted that "[t]here is no basis in the law of the State of Illinois or under the facts presented to allow the plaintiffs, in situations such as this, to recover attorney's fees and costs under any of the theories suggested by plaintiffs."

Plaintiffs argue that they are entitled to recover their attorney fees in their successful litigation to declare void an ordinance of the City of Collinsville. Plaintiffs advance four theories in support of their argument.

First, plaintiffs argue that Illinois should recognize the private attorney general doctrine and award attorney fees in this case because their attorney acted in this capacity. The private attorney general doctrine is an equitable rule which allows a successful litigant to recover attorney fees when the litigant has vindicated a right that: (1) benefits a large number of people; (2) requires private enforcement; and (3) is of societal importance. (*Arnold v. Arizona Department of Health Services* (1989), 160 Ariz. 593, 775 P.2d 521.) Other States have adopted this theory or a similar one. See *Woodland Hills*

*Residents Association, Inc. v. City Council* (1979), 593 P.2d 200, 154 Cal. Rptr. 503; *Taggart v. Highway Board* (1988), 115 Idaho 816, 771 P.2d 37; *Anchorage Daily News v. Anchorage School District* (Alaska 1990), 803 P.2d 402 (recognizing a "public interest litigant").

The plaintiffs maintain that recognizing this fee-shifting theory is "critical to fighting political malfeasance." Without such a fee-shifting mechanism, plaintiffs contend that public officials who use their offices unwisely may then use taxpayer funds to defend their unwise, perhaps illegal, acts while private citizens must utilize their own funds to challenge these acts.

■ While adoption of the private attorney general theory may indeed create an environment more conducive to litigation designed to challenge elected officials' questionable conduct, the supreme court has not sanctioned such a theory nor has the legislature created such a fee-shifting statute. With few exceptions, the "American Rule" remains the general rule in Illinois. The general rule is that in the absence of a statute or an agreement to the contrary, the successful party may not recover attorney fees or the costs of litigation. (*Hamer v. Kirk* (1976), 64 Ill. 2d 434, 437, 356 N.E.2d 524, 525.) There is no authority to support an award of attorney fees solely on the basis of a public-interest rationale (*Hamer v. Kirk*, 64 Ill. 2d at 441, 356 N.E.2d at 528). Further, the supreme court has been reluctant to reallocate the burdens of litigation without legislative guidance. (*Hamer v. Kirk*, 64 Ill. 2d at 441-42, 356 N.E.2d at 528, citing *Alyeska Pipeline Service Co. v. Wilderness Society* (1975), 421 U.S. 240, 44 L. Ed. 2d 141, 95 S. Ct. 1612.) Even the knowledge that the litigation was almost certainly brought about by the illegal actions of the individual members of the legislative bodies has been held insufficient to justify fee shifting. *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 592-93, 357 N.E.2d 1144, 1153-54.

■ *Pechous v. Slawko* is factually similar to this case. It concerned ordinances passed by the City of Berwyn and the Village of Oaklawn. In each case, the ordinances were enacted by the municipality's legislative body in an effort to transfer to itself the power to appoint certain municipal officials. The ordinances were challenged by the mayor and the village president, respectively. After the trial court entered judgment for the plaintiffs, each filed a petition requesting the assessment of attorney fees against either the members of the municipality's legislative body or against the municipality itself. (*Pechous v. Slawko*, 64 Ill. 2d at 592, 357 N.E.2d at 1153.) In concluding that attorney fees should not be awarded, the supreme court stated that "[n]o ground exists for placing the burden of the fees of the at-

torneys for the plaintiffs or of the attorneys for the defendant members of the legislative bodies upon the taxpayers of the municipalities." (*Pechous v. Slawko*, 64 Ill. 2d at 592-93, 357 N.E.2d at 1153.) Further, the supreme court would not allow the plaintiffs' attorney fees to be taxed against the members of the legislative bodies personally. (*Pechous v. Slawko*, 64 Ill. 2d at 593, 357 N.E.2d at 1154.) This case cannot be effectively distinguished from *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144, which we are required to follow.

Plaintiffs next argue that the trial court abused its discretion by refusing to award attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137 (effective August 1, 1989)) or its predecessor, section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Rule 137 requires an attorney or the party to certify that pleadings or motions are well grounded in fact and supported by existing law or a good-faith argument for extension, modification, or reversal of existing law. If the pleadings or motions are signed in violation of the rule, the court may impose sanctions, which may include costs and reasonable attorney fees. 134 Ill. 2d R. 137.

■ The purpose of Rule 137 is to penalize litigants who plead frivolous or false matters or bring suit without any basis in law. Its purpose is not to penalize litigants and attorneys simply because they were unsuccessful in their litigation. (*In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1230-31.) In evaluating the conduct of an attorney or a party who makes a motion or signs a document, the court must determine what was reasonable to believe at the time rather than engage in hindsight. (*Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334, 570 N.E.2d 361, 364-65.) The allowance of fees and expenses under Rule 137 is entrusted to the discretion of the trial court and will not be disturbed on review unless there has been an abuse of discretion. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 879, 578 N.E.2d 1, 6.) A trial court exceeds its discretion only where no reasonable person would take the view adopted by it. If reasonable people could differ as to the propriety of the trial court's action, then a reviewing court cannot say that the trial court exceeded its discretion. *Lewy v. Koeckritz*, 211 Ill. App. 3d at 334-35, 570 N.E.2d at 365.

The plaintiffs argue several points in support of their contention that the defendants acted in bad faith in pursuing this lawsuit. These points include: (1) that the defendants made a false factual statement when they denied that plaintiffs suffered irreparable harm because they passed the ordinance to cause irreparable harm; (2) that being

represented by counsel, "defendants had to know that there must be a law that authorizes municipal action, not merely a law that prohibits municipal action"; (3) that the defendants could not cite one law or one case that allowed them to enact an ordinance that stripped an elected official of his duties during the course of his elected term of office; (4) that the court labelled the defendants' arguments illogical; and (5) that in support of their position, the defendants consulted only with a nonlawyer professor at Northern Illinois University.

Plaintiffs' points, however, are at least arguably refuted by the conclusions in the earlier appeal of this case. In the appeal challenging the preliminary injunction, the defendants presented an argument based on the statutory construction of sections 4—5—2, 4—5—3, and 4—3—19 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, pars. 4—5—2, 4—5—3, 4—3—19) and the amendments, or lack thereof, to these sections. (*Fischer v. Brombolich* (1991), 207 Ill. App. 3d 1053, 1062-63, 566 N.E.2d 785, 789.) The court ultimately concluded that the defendants' proposed interpretation of these sections rendered the statutory language creating a modified commission form of government illogical. (*Fischer v. Brombolich*, 207 Ill. App. 3d at 1063, 566 N.E.2d at 791.) The court did not conclude that it was illogical for the defendants to make this argument. In addition, in determining whether a *mandamus* action was an appropriate remedy, the court concluded that the plaintiffs had no clear right to the relief requested because the right asserted rested on the statutory interpretation of the Illinois Municipal Code. *Fischer v. Brombolich*, 207 Ill. App. 3d at 1066, 566 N.E.2d at 793.

■ In light of the conclusions in the first appeal of *Fischer v. Brombolich* and of the deference due the trial court on motions for sanctions, we conclude that the trial court did not abuse its discretion by refusing to award attorney fees pursuant to Supreme Court Rule 137 or its predecessor, section 2—611. The trial court's determination that defendants' defense of this case was not in bad faith was not against the manifest weight of the evidence.

■ Third, plaintiff Fischer argues that he should be awarded his attorney fees because the suit involved his official duties as a city councilman, and it would have been a conflict for the city's corporation counsel to represent him. Fischer bases his argument on *Franks v. Township of Riley* (1977), 50 Ill. App. 3d 99, 365 N.E.2d 175, and *Wayne Township Board of Auditors v. Ludwig* (1987), 154 Ill. App. 3d 899, 507 N.E.2d 199.

*Franks v. Township of Riley* (50 Ill. App. 3d at 100-01, 365 N.E.2d at 176) noted in *dicta* that a situation could arise which would

require a township and one of its officers to receive independent legal advice. Then, based on *Franks v. Township of Riley*, and analogizing to the State Employee Indemnification Act (Ill. Rev. Stat. 1985, ch. 127, par. 1302), *Wayne Township Board of Auditors v. Ludwig* (154 Ill. App. 3d at 909, 507 N.E.2d at 206) concluded that "where there is a conflict of interest between the township attorney and a town officer, the officer is entitled to hire independent counsel to represent him and that the officer's attorney fees shall be paid by the town."

For the following reasons, we decline to apply the reasoning of the second district in *Wayne Township Board of Auditors v. Ludwig* to the facts of this case. First, the officer in *Wayne Township Board of Auditors v. Ludwig* was the defendant, thus explaining the analogy with the State Employee Indemnification Act, which provides representation for State employees sued in their official capacities. Here, however, the official seeking to have his attorney fees paid by the city is the plaintiff, so the analogy which supported the conclusion in *Ludwig* fails.

In addition, and more significantly, *Wayne Township Board of Auditors v. Ludwig* was decided without reference to *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144. Although we make no judgment about the validity of *Wayne Township Board of Auditors v. Ludwig*, we believe that the facts of this case are controlled by the reasoning of *Pechous v. Slawko*. Therefore, plaintiff Fischer's claim for attorney fees, based on a conflict of interest between him and the corporation counsel, must be denied.

■ Finally, plaintiffs argue that they are entitled to their attorney fees as a matter of due process and equal protection of the law. Plaintiffs' position appears to be an attempt to recast their earlier contentions in the framework of the constitution. They contend that the plaintiffs and defendants in this case are similarly situated and that there is no rational basis for paying the attorney fees of the unsuccessful party while denying fees to the "successful victim." This is simply a restatement of plaintiffs' earlier unsuccessful arguments.

However, assuming, but not deciding, that these parties are similarly situated and that the right to have attorney fees paid is a protectable interest, we believe that *Pechous* approved preferential differential treatment of these parties.

It seems anomalous, and perhaps even unfair, that the plaintiff, a city official whose position has been vindicated, must pay his own fees while the defendants, city officials whose actions were proven invalid, are reimbursed for the expenses they incurred in defending the suit. We conclude, however, that this result is mandated by *Pechous v.*

*Slawko*. It may be that the supreme court would wish to reconsider *Pechous v. Slawko* in light of the facts in this case. But, in the absence of such direction from the supreme court or from the legislature, we conclude that the plaintiffs are not entitled to attorney fees in this case. Accordingly, the trial court's order denying plaintiffs' motion for attorney fees and costs is affirmed.

Affirmed.

LEWIS and GOLDENHERSH, JJ., concur.