# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Newport Township Road District v. Pavelich*, 2012 IL App (2d) 111317

---

| | |
|---|---|
| Appellate Court Caption | NEWPORT TOWNSHIP ROAD DISTRICT and DANIEL DZIEKAN, in His Official Capacity as the Newport Township Highway Commissioner, Plaintiffs-Appellees, v. GEORGE PAVELICH, in His Official Capacity as the Supervisor of Newport Township and the Treasurer of the Newport Township Road District; NEWPORT TOWNSHIP; RICHARD GALGAN and BETH HARTFORD, in Their Official Capacities as Newport Township Trustees; and DEBORAH SPURGEON, in Her Official Capacity as Newport Township Clerk and Newport Township Road District Clerk, Defendants-Appellants (Katherine Newyear and Michael Gallagher, Defendants). |
| District & No. | Second District<br>Docket No. 2-11-1317 |
| Filed | November 19, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff township highway commissioner was justified in retaining independent counsel to represent him in his action against the township and its officials and trustees seeking the adoption of a budget for the road district and payment of counsel's fees by the allocation of funds from the road district, since the representation of the highway commissioner by the township's legal counsel would "present a direct or potential conflict of interest." |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 11-MR-1391; the Hon. Christopher C. Starck, Judge, presiding. |

| Judgment | Affirmed. |
|---|---|
| Counsel on Appeal | Robert J. Long, of Daniels, Long & Pinsel, LLC, of Waukegan, for appellants. |
| | Keri-Lyn J. Krafthefer, Thomas G. DiCianni, and David L. Ader, all of Ancel Glink Diamond Bush DiCianni & Krafthefer, PC, of Chicago, for appellees. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. Justices Schostok and Birkett concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendants appeal the trial court's order that the Newport township board allocate funds from the road district's budget for payment of plaintiffs' legal fees. On appeal, defendants argue that: (1) the trial court erred by denying their motion to dismiss; (2) the Newport Township highway commissioner was not justified in retaining independent counsel; (3) there is no authority for ordering a township board to review a petition for attorney fees and to establish a budget item to pay the fees; (4) plaintiffs were not entitled to fees springing from a lawsuit filed in 2009; and (5) the township board is vested with exclusive discretion in annual budgetary matters involving the road district. We affirm.

¶ 2                           I. BACKGROUND

¶ 3     The plaintiffs in this case are as follows: the Newport Township road district (Road District), which was created pursuant to and operates under the Illinois Highway Code (605 ILCS 5/6-101 *et seq.* (West 2010)); and Daniel Dziekan (the Highway Commissioner), the highway commissioner of the Road District.

¶ 4     The defendants in this case are as follows: Newport Township (the Township), which was created pursuant to and operates under the Illinois Township Code (60 ILCS 1/1-1 *et seq.* (West 2010)); George Pavelich (Township Supervisor), township supervisor and the treasurer of the Road District; Richard Galgan, Katherine Newyear, Beth Hartford, and Michael Gallagher (collectively, the Township Trustees); and Deborah Spurgeon, the Township clerk and the Road District clerk. The Township Supervisor and the Township Trustees comprise the Newport Township board (the Township Board).

¶ 5     On August 1, 2011, plaintiffs filed a seven-count complaint against defendants, asking the trial court to compel defendants to pass the Road District's budget for fiscal year 2011-12 and to process the Highway Commissioner's warrants for funds from the Road District's

budget to pay plaintiffs' attorney fees related to this case and to a lawsuit the Township filed against the Highway Commissioner in 2009.

¶ 6    The counts were titled as follows: (I) "Temporary Restraining Order, Preliminary and Permanent Injunction to Compel Township and Trustees to Adopt the Road District's Budget"; (II) "Mandamus To Compel the Township Supervisor and Trustees to Approve the Road District's Budget"; (III) "Temporary Restraining Order, Preliminary and Permanent Injunction To Compel Township Board To Approve and Pay Road District's Bills and Employee's Salaries"; (IV) "Mandamus to Compel the Township Supervisor and Trustees to Approve and Pay the Road District's Bills and Employee's Salaries"; (V) "Declaratory Judgment That Highway Commissioner Can Hire an Attorney of His Choice To Represent Him and the Road District In Issues In Which He Has a Conflict With the Township That the Township Board Must Approve Payment of Those Attorneys From Road District Funds"; (VI) "Declaratory Judgment that the Road District Can Enter Into Intergovernmental Agreement Without Township Board Approval"; and (VII) "Declaratory Judgment That the Township Board Must Approve the Payment of the Highway Commissioner's Past Legal Fees From the Road District Funds."

¶ 7    Plaintiff also filed a motion for a temporary restraining order and preliminary and permanent injunctions that essentially address the same issues contained in their complaint. After the close of plaintiffs' case at a hearing on their motion, defendants moved for dismissal of the motion.

¶ 8    On September 7, 2011, the trial court denied defendants' motion to dismiss plaintiffs' motion and ordered the parties to mediation. The parties resolved all matters except for the issues involving attorney fees. On October 11, 2011, the trial court entered an order memorializing the parties' agreement; ordered a briefing schedule on the remaining issues; and set a date for a hearing. The order limited the issues to "Counts V and VII and the attorney fees components of Count I-IV."

¶ 9    The trial court's written order, dated December 13, 2011, states the following:

"This cause coming to be heard on the remaining issues in Plaintiffs' verified complaint, the issues having been fully briefed, the Court having considered arguments by counsel, IT IS HEREBY ORDERED THAT:

1. The Township Board is ordered to allocate sufficient funds in the Road District's budget for legal fees related to this matter.

2. The Township Board shall approve the payment of the Plaintiffs' legal fees related to this matter from the Road District budget [and] shall do so in the normal manner for processing Road District warrants.

3. The Township Board shall put sufficient funds in the Road District's budget for Dziekan's legal fees from the 2009 lawsuit [and] shall approve the payment of same in the normal manner for processing Road District warrants.

* * *

7. This is a final and appealable order and resolves all issues in this case and no just reason exists to prevent enforcement or appeal of this order."

¶ 10      On December 21, 2011, defendants filed a timely notice of appeal.

¶ 11      II. ANALYSIS

¶ 12      Initially, we address defendants' various arguments that the trial court erred by denying their motion to dismiss. After the trial court denied defendants' motion to dismiss, the parties successfully mediated and settled all issues raised in this litigation except for those involving attorney fees. Defendants do not argue that the settlement is invalid and did not file with the trial court a motion seeking to void the settlement. Thus, defendants have forfeited all arguments relating to all issues except for those related to attorney fees, which we address below.

¶ 13      Defendants argue that the Highway Commissioner was not justified in retaining independent counsel.

¶ 14      Plaintiffs' complaint alleged that the Highway Commissioner had the right to hire legal counsel to represent both the Highway Commissioner and the Road District, pursuant to section 6-201.19 of the Highway Code (605 ILCS 5/6-201.19 (West 2010)).

¶ 15      The primary rule of statutory interpretation and construction is to ascertain the intent of the legislature. *Wisnasky-Bettorf v. Pierce*, 2012 IL 111253, ¶ 16. The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning. *100 Lake, LLC v. Novak*, 2012 IL App (2d) 110708, ¶ 12. Statutes should be construed, if possible, so that no term is rendered superfluous or meaningless. *People v. Jackson*, 2011 IL 110615, ¶ 12.

¶ 16      The Highway Code provides that "[t]he highway commissioner of each road district" (605 ILCS 5/6-201 (West 2010)) has:

> "[the] authority to hire legal counsel to perform legal functions for road districts where performance of such functions by the public official who would otherwise represent the highway commissioner would present a *direct or potential conflict of interest*." (Emphasis added.) 605 ILCS 5/6-201.19 (West 2010).

¶ 17      The meaning of section 6-201.19 is not difficult to understand. In this case, defendants' counsel is the "public official who would otherwise represent" the Highway Commissioner and the Road District. Thus, the plain and ordinary language of the statute granted the Highway Commissioner the authority to hire legal counsel if defendants' counsel presented "a direct or potential conflict of interest." See *id.* Defendants argue that there was no conflict of interest.

¶ 18      Whether an attorney's representation constituted a *per se* conflict of interest is an issue of law, which we review *de novo*. *In re Tamera W.*, 2012 IL App (2d) 111131, ¶ 35.

¶ 19      The Highway Code does not define "conflict of interest." However, Rule 1.7 of the Illinois Rules of Professional Conduct (eff. Jan. 1, 2010) provides:

> "(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. *A concurrent conflict of interest exists if*:
>
> > (1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

(2) the representation is not prohibited by law;

(3) *the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal*; and

(4) each affected client gives informed consent." (Emphases added.)

Comment 17 explains:

"Paragraph (b)(3) describes conflicts that are nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are *aligned directly against each other in the same litigation* or other proceeding before a tribunal. Whether clients are aligned directly against each other within the meaning of this paragraph requires examination of the context of the proceeding." (Emphasis added.) Ill. Rs. Prof. Conduct R. 1.7 cmt. 17 (eff. Jan. 1, 2010).

¶ 20    Defendants argued during oral argument that the conflict, if any, arose only when plaintiffs filed their complaint against defendants. The trial court found that there was a conflict "from the very beginning when the budget was not approved and no monies were given to the Road District to pay for anything." Therefore, the trial court decided that the Highway Commissioner was entitled to retain counsel. The record supports the trial court's finding. The record indicates that the Highway Commissioner submitted a budget for the Road District in a timely manner, seeking $846,130 in appropriations. However, the Township Board did not pass the Road District's 2011-12 budget by the statutory deadline.[1] Subsequently, the Highway Commissioner submitted a second budget, seeking $713,766 in appropriations. In response, the Township Supervisor wrote the Highway Commissioner, rejecting the second budget. The Township Supervisor stated that it was too late to adopt the second budget, because the budget had to be adopted within or before the first quarter of the fiscal year and the Township was already in its second quarter. The Township Supervisor warned, "without a budget, and with no ability to spend for fuel or rent, your employees will end up on furlough with no pay since they will have no work to perform and no resources to work with." The Township Supervisor stopped paying the Road District's bills and salaries,

---

[1]Section 6-501(c) of the Highway Code provides that "on or before the last day of the first quarter of the [township's] fiscal year" the "township board *** shall adopt the tentative budget and appropriation ordinance or any part as the board of trustees deem necessary." 605 ILCS 5/6-501(c) (West 2010). The Highway Commissioner timely filed a tentative budget and appropriation ordinance. However, the Township Board refused to pass the tentative budget or any part of the budget. The last day of the Township's fiscal year was May 31, 2011.

effectively shutting down the Road District's operations. Subsequently, the Highway Commissioner retained outside counsel to institute the instant litigation. Because plaintiffs' and defendants' interests were aligned directly against each other in the same litigation, a clear concurrent conflict existed. Thus, the Highway Commissioner had the authority to hire counsel to represent plaintiffs in this matter pursuant to section 6-201.19 of the Highway Code. Accordingly, the trial court properly found that the Highway Commissioner was justified in retaining independent counsel. See 605 ILCS 5/6-201.19 (West 2010).

¶ 21        Defendants argue that no conflict of interest existed. Such an argument ignores reality and the clear language of Rule 1.7 of the Illinois Rules of Professional Conduct (eff. Jan. 1, 2010), which states in pertinent part:

> "Rule 1.7: Conflict of Interest: Current Clients
>
> (a) *** A concurrent conflict of interest exists if:
>
> ***
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

Defendants cite *Franks v. Township of Riley*, 50 Ill. App. 3d 99 (1977), to support their position. However, *Franks* is not remotely similar to this case because, in *Franks*, there clearly was no conflict between the township and the highway commissioner giving rise to the need for separate counsel. *Id.* at 101. Further, we stated in *Franks* that situations may arise where a conflict does exist. *Id.* at 100-01. Thus, defendants' citation to *Franks* undermines the credulity of their position.

¶ 22        In *Franks*, the Riley Township highway commissioner retained the plaintiff, a law firm, to attend Riley Township board meetings. *Id.* at 100. Because the defendant, Riley Township, already had an attorney, it refused to pay the plaintiff's legal fees, and the plaintiff filed suit against the defendant for payment. *Id.* The trial court granted the defendant's motion to dismiss. *Id.* On appeal, we initially noted that the Highway Code did not contain a specific provision granting the highway commissioner the authority to hire legal counsel. *Id.*[2] Despite the lack of specific authority contained in the Highway Code, we "recognize[d] that situations *** of conflicting positions may arise between the township and the highway commissioner which would require that each receive independent advice and counsel." *Id.* at 100-01. However, we affirmed the trial court's dismissal of the plaintiff's complaint because:

> "The legal services [performed by the plaintiff] consisted of attending township meetings, preparing legal opinions, conducting correspondence, and advising the highway commissioner in his official capacity. *** [T]he record is devoid of any hint that the positions of the highway commissioner and the township were in any way *conflicting* during the period when these services were rendered." (Emphasis added.) *Id.* at 101.

---

[2]*Franks* was decided before the General Assembly amended the Highway Code to grant highway commissioners the authority to hire counsel, pursuant to section 6-201.19.

In addition, this court limited its holding to the specific facts of the case, stating:

> "Therefore, we specifically do not find that a highway commissioner is without authority to hire legal counsel. Under the facts disclosed in this case it does not appear that it was necessary for him to do so in order to carry out the duties and functions of his office." *Id.*

¶ 23   Unlike in *Franks*, the positions of the Highway Commissioner and the Township were clearly conflicting. The Township refused to pass the Roadway District's 2011-12 budget, causing a complete shutdown. Thus, plaintiffs commenced the instant action. In contrast to *Franks*, the Highway Commissioner and the Township were involved in litigation against each other. The facts and *ratio decidendi* (reason for deciding a case) of *Franks* are so clearly distinguishable from this case that defendants' citation of *Franks* to support their argument raises doubts about their credibility. See *People v. Trimarco*, 364 Ill. App. 3d 549, 556 (2006) (McLaren, J., dissenting).

¶ 24   Next, defendants argue that the trial court had no authority to order the Township Board to review a petition for attorney fees and to establish a budget item to pay the fees. Defendants argue that there is no legal mechanism supporting "this fee petition and the court's order." Plaintiffs argue that defendants have mischaracterized the trial court's order as granting a fee petition. We agree with plaintiffs.

¶ 25   The trial court did not order the Township to pay plaintiffs' attorney fees and it did not grant an attorney fee petition; plaintiffs did not file one. Rather, the trial court's written order states:

> "2. The Township Board shall approve the payment of the Plaintiffs' legal fees related to this matter from the Road District's budget [and] shall do so in the normal manner for processing Road District warrants."

¶ 26   The relief granted arose from the attorney-fee components of counts I through IV and V of plaintiffs' complaint. Counts I through IV sought an order to compel defendants to adopt the Road District's 2011-12 budget and to pay plaintiffs' attorney fees and costs in relation to this lawsuit, out of the Road District's funds. Thus, the trial court did not order the Township to pay plaintiffs' attorney fees; rather, it ordered plaintiffs' attorney fees to be paid out of the Road District's funds.

¶ 27   Defendants argue, again, that because there was no conflict of interest, plaintiffs were not entitled to retain an attorney. Because we have already decided this issue, we will not revisit it.

¶ 28   Defendants also argue that the Township board of trustees has no expertise in determining what fees are reasonable or necessary. The Township and the Township board, having retained counsel in their official capacities, should be able to discern what is reasonable. If it cannot be resolved amicably, then further fees may be incurred. This is what the trial court meant when it said in paragraph three of the order, "The Township Board *** shall approve the payment of same in the normal manner for processing Road District warrants."

¶ 29   In addition, defendants argue that the trial court improperly intruded into the legislative arena in violation of the separation-of-powers doctrine. Defendants cite *Moore v. Grafton*

-7-

*Township Board of Trustees*, 2011 IL App (2d) 110499, to support their argument. However, *Moore* is distinguishable from the case at bar. In *Moore*, the township supervisor sought an injunction directing the township board of trustees to confirm the township supervisor's nominee for township attorney. *Id.* ¶ 1. The trial court granted the injunction. *Id.* ¶ 2. This court reversed the trial court, holding that the injunction violated the statute governing the appointment process, because the injunction deprived the board of its right to confirm the nominee. *Id.* ¶ 4. This court also held that the injunction violated the separation-of-powers doctrine because the controlling statute did not contain clear criteria for the court to resolve the board's decision to refuse to confirm the nominee. *Id.* ¶¶ 5, 6.

¶ 30 The statute at issue in this case provides clear legal criteria to resolve the issue. A highway commissioner is entitled to legal counsel if counsel who would otherwise represent him would present a direct or potential conflict of interest. 605 ILCS 5/6-201, 6-201.19 (West 2010). The legislature did not grant defendants any decision-making power to conclusively determine whether a commissioner is entitled to legal counsel. Thus, the trial court's decision did not violate the separation-of-powers doctrine, and *Moore* is not controlling here.

¶ 31 Defendants also argue that "plaintiffs were not entitled to fees springing from the 2009 lawsuit." To support their argument, defendants note:

"There was no reference in the caption [in the 2009 case] to the official capacity of Mr. Dziekan [the Highway Commissioner]. The lawsuit was not brought against the office of the Newport Township Highway Commissioner."

Thus, according to defendants, the Highway Commissioner was not sued in his official capacity and, therefore, was not entitled to independent counsel.

¶ 32 In 2009 the Township filed a complaint alleging that the Highway Commissioner had been unjustly enriched because the Township mistakenly reimbursed the Highway Commissioner for mileage, due to the Township clerk's processing errors. During the course of the 2009 case, the Township Board adopted a resolution wherein the Road District reimbursed the Township for the Highway Commissioner's mileage and stated that the Highway Commissioner "was properly entitled to be reimbursed" for his mileage. Subsequently, the trial court granted the Highway Commissioner's motion to dismiss, "finding that the Township has been fully reimbursed for the damages it sought in its complaint."

¶ 33 We determine that, because the Township acknowledged that the Highway Commissioner was entitled to be reimbursed for the mileage, it acknowledged that he was acting in his official capacity as Highway Commissioner when he sought reimbursement. Therefore, contrary to defendants' claim that any judgment was against the Highway Commissioner in his individual capacity, it was not, and the Highway Commissioner had the authority to hire legal counsel because representation by the Township's counsel would have presented a concurrent conflict of interest. See 605 ILCS 5/6-201.19 (West 2008). Accordingly, the trial court did not err by ordering the Township Board to put sufficient funds in the Road District's budget for the Highway Commissioner's legal fees from the 2009 lawsuit and approve the payment of such fees.

¶ 34 Defendants also argue that the trial court's order is erroneous because, in the 2009 case, the Highway Commissioner waived any request for attorney fees. Again, this is a mischaracterization. Defendants fail to recognize that the Highway Commissioner waived attorney fees being paid by the Township. But the Highway Commissioner did not waive attorney fees being paid from the Road District's funds. Because the trial court essentially ordered the Highway Commissioner's attorney fees from the 2009 lawsuit to be paid out of the Road District's funds, defendants' waiver argument is sophistry.

¶ 35 In addition, defendants note that Illinois follows the American rule, by which parties pay their own legal fees, rather than the English system, where the loser pays the attorney fees of the winner. However, plaintiffs are not seeking payment of fees from defendants as either winners or losers. Plaintiffs are seeking payment from the Road District's funds. The waiver of fees consistent with the American rule does not constitute a waiver of reimbursement under the Highway Code. Because the Highway Commissioner was sued in his official capacity, payment of fees would come out of the Road District's funds.

¶ 36 Defendants also argue that the Township Board is vested with exclusive discretion in annual budgetary matters involving the Road District. Defendants cite the following part of section 6-501(c)[3] of the Highway Code:

> "The township board of trustees or highway board of trustees, as the case may be, at the public hearing *shall* adopt the tentative budget and appropriation ordinance, or any part as the board of trustees deem necessary." (Emphasis added.) 605 ILCS 5/6-501(c) (West 2010).

¶ 37 Defendants argue that the word "shall" in the annual budget provision of section 6-501(c) is permissive, not mandatory. Therefore, defendants contend, the Township Board does not have to adopt an entire budget and the trial court acted beyond its jurisdiction over both the parties and the subject matter.

¶ 38 Nothing in section 6-501 addresses legal fees. Rather, section 6-501 addresses the "decline in [the ability of townships and road districts] to maintain or improve roads and bridges in a safe condition to permit the normal and ordinary use of [the state's] highway system." 605 ILCS 5/6-501(a)(2) (West 2010). Further, section 6-501(c) provides:

> "[T]he township board of trustees or highway board of trustees or road district commissioner, as the case may be, shall levy and certify to the county clerk the amount necessary to be raised by taxation for *road purposes* and the road district commissioner shall levy and certify to the county clerk the amount necessary to be raised by taxation for the *salaries* of elected road district officials in the road district, as determined by the highway commissioner." (Emphases added.) 605 ILCS 5/6-501(c) (West 2010).

¶ 39 To the extent that defendants' argument might relate to legal fees, defendants ignore that section 6-201.19 of the Highway Code expressly grants the highway commissioner of each road district the authority to hire legal counsel when representation by the township's legal

---

[3]Defendants provide an incorrect citation to the Highway Code. Defendants quote section 6-501(c) of the Code but provide a cite to a section that does not exist, section "601(c)." Thus, we presume that defendants intended to cite section 6-501(c) of the Code.

counsel would "present a direct or potential conflict of interest." 605 ILCS 5/6-201.19 (West 2010).

¶ 40 Words and phrases should not be considered in isolation but should be interpreted in light of other relevant provisions and the statute as a whole. *Jackson*, 2011 IL 110615, ¶ 12. In addition, each part of a statute must be given effect and should not be rendered meaningless or superfluous. *Id.*

¶ 41 Defendants' interpretation of section 6-501(c) considers the word "shall" in isolation and renders meaningless and superfluous the other portions of section 6-501 and the express authority granted to the Highway Commissioner in section 6-201.19. In addition, defendants' argument violates another fundamental rule of statutory construction. A statutory provision addressing a specific subject controls over a general statutory provision, and the specific provision should be applied. *Clarke v. Community Unit School District 303*, 2012 IL App (2d) 110705, ¶ 29. Thus, defendants' argument fails because their interpretation not only allows the general provision to prevail over the specific provision, but also abrogates the specific provision.

¶ 42 Even if we were to accept the claim that the general provision addressed fees, we would read these provisions *in pari materia* and would come to the same conclusion. A basic principle of statutory construction is to view two statutory provisions that address the same subject with reference to one another to give them harmonious effect. *Citizens Opposing Pollution v. ExxonMobil Coal U.S.A.*, 2012 IL 111286, ¶ 24. Assuming, *arguendo*, that the general provision requires a highway commissioner to include legal fees in the budget and obtain approval from the board of trustees, it does not follow that there are no exceptions to this rule. Rather, the specific and general provisions can be read *in pari materia* and given harmonious effect by applying the specific provision only in instances in which there is a conflict of interest, as in this case. Therefore, the trial court did not err by ordering the Township Board to allocate Road District funds for payment of plaintiffs' legal fees for this case and the 2009 lawsuit.

¶ 43                                      III. CONCLUSION

¶ 44 The judgment of the circuit court of Lake County is affirmed.

¶ 45 Affirmed.