August 7, 1998

No. 3--98--0079

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

SUZANN VROMBAUT, ) Appeal from the Circuit Court

Plaintiff-Appellant, ) for the 14th Judicial Circuit,

) Rock Island County, Illinois

v. ) 

)

NORCROSS SAFETY PRODUCTS, ) No. 97--L--153 

L.L.C., a Limited Liability ) 

Corporation, formerly known )

as and successor to Norcross )

Footwear, Inc., a ) Honorable

Corporation, ) Martin E. Conway, Jr.

Defendant-Appellee. ) Judge, Presiding

________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Does section 706.1(G)(1) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/706.1(G)(1)(West 1996)) impose a $100-per-day penalty upon an employer which, after receiving an order of withholding, fails to withhold child support payments from its employee's paycheck?  We hold that it does not; therefore, we affirm the trial court's decision.

BACKGROUND

A judgment of dissolution was entered dissolving the marriage of Suzann and Thomas Vrombaut.  In accordance with the judgment,  an order of income withholding was served on the defendant, Norcross Safety Products, L.L.C. (Norcross), in February of 1996.  According to the order Norcross was to withhold $90 per week from Thomas's income for child support.  The order also required that the funds be mailed to the clerk of the circuit court within 10 days of withholding.  

Once in October of 1996, and twice in January of 1997, Norcross failed to withhold the child support payments from Thomas's employment check.  Suzann filed a civil suit pursuant to the employer penalty provision of section 706.1(G)(1) of the Act (750 ILCS 5/706.1(G)(1)(West 1996)), seeking damages in the amount of $100 per day for each late payment.  During the proceedings, the parties stipulated that Norcross failed to withhold the income.

In October 1997, Norcross moved to dismiss the complaint pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9)(West 1996)).  Norcross alleged that the language of section 706.1(G)(1) only imposed a penalty for the failure to tender payment of a withholding to the clerk, not for failing to withhold the income initially.  The trial court agreed, finding that section 706.1(G)(1) of the Act did not penalize an employer that failed to withhold the payment.  The court dismissed Suzann's complaint with prejudice and she appeals.

STANDARD OF REVIEW

In reviewing the dismissal of an action pursuant section 2-619, this court must accept all facts properly pled as true. 
Zielinski v. Miller
, 277 Ill. App. 3d 735, 660 N.E.2d 1289 (1995).  Absent an issue of fact, we review the trial court's decision 
de
 
novo
 to determine whether the dismissal was proper as a matter of law. 
Garcia v. Metropolitan Property & Casualty Insurance Co.
, 281 Ill. App. 3d 368, 666 N.E.2d 802 (1996). 

DISCUSSION
 

We are called upon to determine whether section 706.1(G)(1) of the Act penalizes an employer that fails to withhold child support payments from an employee's paycheck. 

Section 706.1(G)(1) requires that the payor shall deduct the amount designated in an order for withholding and pay the amount withheld to the obligee.  Specifically it states:

"It shall be the duty of any payor who has been served with a copy of the *** order for withholding *** to deduct and pay over income as provided in this subsection.  *** If the payor knowingly fails to pay any amount withheld to the obligee or public office within 10 calendar days of the date income is paid to the obligor, 
the payor shall pay a penalty of $100 for each day that the withheld amount is not paid to the obligee or public office
 after the period of 10 calendar days has expired." (Emphasis added.) 750 ILCS 5/706.1(G)(1)(West 1996).

The fundamental principles in construing a statute are well settled.  Above all other rules of statutory construction, we must ascertain and give effect to the legislature's intent in enacting the statute. 
Bruso v. Alexian Brothers Hospital
, 178 Ill. 2d 445, 687 N.E.2d 1014 (1997).
  The legislature's intent is best demonstrated by the language of the statute itself. 
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 634 N.E.2d 712 (1994).  If the legislature's intent is clear from the statute's plain language, the court must confine its inquiry to a consideration of that language and must not look to extrinsic aids.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 664 N.E.2d 61 (1996).  In construing a statute, we should read it as a whole and no word should be interpreted so as to be rendered meaningless. 
Caterpillar Finance Corp. v. Ryan
, 266 Ill. App. 3d 312, 640 N.E.2d 672 (1994).  Questions of statutory construction are questions of law. 
Babbitt v. United Parcel Service, Inc.
, 212 Ill. App. 3d 204, 571 N.E.2d 506 (1991).    

Suzann insists that the trial court's interpretation of section 706.1(G)(1) is absurd and leads to an unjust result.  She contends that the penalty provision applies to both of the employer obligations that arise under the statute -- the duty to withhold and the duty to pay over.  Norcross maintains that the language of the statute is clear and that it imposes a penalty on a payor only if the payor fails to timely remit the child support actually withheld from the employee's wages.  We agree with Norcross.

The plain language of section 706.1(G)(1) imposes a penalty on an employer who "
fails to pay
 any amount withheld to the obligee." (Emphasis added.) 750 ILCS 5/706.1(G)(1) (West 1996).  The only plausible reading of this sentence is that an employer will be penalized if it does not promptly pay over an amount withheld from an employee's paycheck.  The penalty provision specifically imposes a fine for failing to remit a withholding.  The provision, however, does not reference an employer's initial failure to withhold the child support.  The absence of such language leads us to conclude that the intent of the legislature was to encourage the quick and efficient payment of child support to the obligee once it has been withheld.  Unless or until the legislature indicates that the penalty provision is meant to apply to all duties imposed upon the employer under the Act, we decline to apply the penalty in the manner urged by Suzann.  We therefore hold that section 706.1(G)(1) of the Act must be construed to mean that a penalty will be imposed only if the employer does not remit the child support withheld in a timely manner.     

Suzann argues that the interpretation we adopt circumvents the underlying purpose behind the withholding statute.  We are mindful that the courts need not adhere to a literal reading of statutory language when such a reading would defeat the legislature's obvious and clearly expressed purposes. See 
Harris v. Manor Healthcare Corp.
, 111 Ill. 2d 350, 489 N.E.2d 1374 (1986).  We find, however, that our reading of section 706.1(G)(1) is consistent with the penalty provision's objective.  

In 
Dunahee v. Chenoa Welding & Fabrication, Inc.
, 273 Ill. App. 3d 201, 652 N.E.2d 438 (1995), the court analyzed the underlying purpose of section 706.1(G)(1).  In that case, the employer withheld the appropriate amount of child support from the employee's paycheck, but failed to pay over the check within 10 days.  The plaintiff filed suit against the defendant for failure to comply with section 706.1(G) of the Act.  Turning to the legislative history of the penalty provision, the court found that the statute was enacted to ensure that obligees received support payments in a timely manner. 
Dunahee
, 273 Ill. App. 3d at 208, 652 N.E.2d at 444 (quoting excerpts from 87th General Assembly House debate (87th Ill. Gen. Assem., House Proceedings, June 28, 1991, at 32-34)).  It noted that the longer an employer failed to remit withheld child support, the longer those funds could be misused and mishandled by less than honest employers. 
Dunahee
, 273 Ill. App. 3d at 208-09, 652 N.E.2d at 444-45.  We have carefully reviewed the legislative discussion surrounding the Act and agree with the court in 
Dunahee
 that the problem sought to be cured by the inclusion of the penalty provision was the timely payment of support to the obligee.  We find that the construction of section 706.1(G)(1) we adopt today is consistent with that underlying purpose.  

Suzann contends that our interpretation of the Act would allow employers to avoid a penalty by simply failing to withhold child support from an employee's paycheck.  We disagree.  Although the plain language of the penalty provision imposes a penalty upon an employer only for not remitting withheld child support, the spouse to whom the child support is owed is not without a remedy at law.  Under section 706.1(J) of the Act an obligee may file a complaint against an employer that fails to deduct child support from its employee's earnings.  Upon filing such a complaint, the court may order the delinquent employer to comply and impose a fine against it, not to exceed $200. 750 ILCS 5/706.1(J)(1)(b) (West 1996).  Thus, while we recognize that the legislative amendment to section 706.1(G)(1) imposes a stiffer penalty on an employer that fails to make a timely payment of child support than on an employer that fails to deduct the payment at all, we cannot agree with Suzann's argument that obligee spouses are remediless.  It is the assignment of the legislature to correct the apparent anomaly of which Suzann complains. See 
Toys "R" Us, Inc. v. Adelman
, 215 Ill. App. 3d 561, 574 N.E.2d 1328 (1991) (court must construe statute as is and may not add omissions, remedy defects or otherwise change law so as to depart from its plain meaning).  Accordingly, we affirm the trial court's ruling.    

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOMER, P.J., and LYTTON, J., concur.