SIXTH DIVISION

FILED: 03/31/99

No. 1-97-4336

CHARLES and ELOIS PITTS, ) Appeal from the

) Circuit Court of

Plaintiffs/Counter-defendants, ) Cook County.

)

)

)97 M1 738533

)

VIVIAN HOLT, ) Honorable 

) Sheldon C. Garber,

Defendant/Counter-plaintiff. ) Judge Presiding.

JUSTICE ZWICK delivered the opinion of the court:

Plaintiffs/counter-defendants, Charles and Elois Pitts, leased a four-bedroom apartment in 1996 to defendant/counter-plaintiff, Vivian Holt, at a monthly rental rate of $600. Defendant Holt requested that repairs be made to the apartment and, when they were not made, attended a code enforcement hearing conducted by the Chicago Department of Buildings. Defendant was subsequently served with notice that her rent was being increased by $100 per month effective December 1, 1996. Defendant sent a 14 day request for repairs to the plaintiffs, pursuant to the terms of the Chicago Residential Landlord and Tenant Ordinance. This notice informed the plaintiffs that defendant intended to withhold $150 from her rent if the requested repairs were not made. Subsequently, on December 1, 1996, defendant was served with 30 days notice. She was also served a 5-day notice of termination of tenancy on December 4, 1996. She paid her reduced rent of $450 to the plaintiffs on December 9, 1996.

On December 11, 1996, plaintiffs filed an action against defendant. On December 27, 1996, defendant filed her answer, affirmative defenses, and counter-

claims with assistance from attorneys employed by the Lawyers’ Committee for Better Housing, Inc.  She alleged in her counter-claims that plaintiffs had (1) unlawful retaliated against her pursuant to the terms of section 5-12-150 of the Ordinance, (2) failed to maintain the premises in violation of sections 5-12-070 and 5-12-110 of the Ordinance, (3) breached the Implied Warranty of Habitability and (4) waived eviction by accepting past-due rent.

Following a jury trial, the court entered judgment in favor of defendant and against plaintiffs on both plaintiffs’ complaint and defendant’s counter-complaint. Thus, defendant’s rent withholding was upheld and she was allowed to retain possession of the premises. In addition, she was awarded $1,200 in damages, the statutory maximum under the Ordinance.

Subsequently, defendant moved for attorney’s fees pursuant to section 5-12-

180 of the Ordinance. Following a hearing, the trial court awarded $500 to defendant’s attorneys. Defendant now appeals this award, alleging that her actual attorney’s fees cannot be reasonably set below $5,581.25, and that the trial court’s $500 award amounts to an abuse of discretion.

The amount of an attorney’s fee award is a matter committed to the sound discretion of the trial court whose decision will not be disturbed absent an abuse of discretion. 
In re Marriage of Phillips, 
244 Ill. App. 3d 577, 595-96, 615 N.E.2d 1165 (1993). Factors to be considered in setting the proper amount of an award are the skill and standing of the attorney employed, the nature of the case, the degree of responsibility required, the usual and customary charges for the same or similar services in the community and the reasonable connection between the fee charged and the litigation. See 
Plambeck v. Greystone Management & Columbia National Trust Co., 
281 Ill. App. 3d 260, 666 N.E.2d 670 (1996). 

In this case, defendant’s attorneys itemized 69.40 hours of work performed to defend their client against an unlawful eviction, ultimately securing the maximum statutory damages provided by the Ordinance. At the hearing, the court indicated that it had no objection to the amount of work claimed done on behalf of the defendant, with the exception of the fact that she used two attorneys to represent her at the trial when one would have been sufficient. The second attorney’s trial work accounted for $3,787.50 of the total $9,368.75 sought by plaintiff. The court specifically stated that the rates charged by the defendant’s attorneys were low, and further stated that, given their experience, higher rates could have been charged if the defendant’s attorneys had been in private practice.

In support of her itemized fee request, defendant noted that there had been a four-day jury trial at which ten witnesses presented testimony. An expert, Elizabeth Shuman-Moore, the Project Director of the Chicago Lawyers Committee for Civil Rights Under Law, Inc., submitted an affidavit which supported the reasonableness of the hours claimed by each attorney and their hourly rates. Their work included appearing at 18 trial calls over ten months during the course of which they defended their client against a motion for summary judgment and motion to strike affirmative defenses and counter-claims.

After reviewing the record and the arguments of the parties, we find the trial court’s award of $500 is not only inconsistent with the evidence presented at the fee hearing, but also with the public policy behind the fee-shifting provisions of the Ordinance. The Ordinance was passed with a recognition of the historical disparity of bargaining positions between landlord and tenants and to protect tenants from overreaching by residential landlords. 
Plambeck, 
281 Ill. App. 3d at 267. The attorney’s fees provisions are meant to give a financial incentive to attorneys to litigate on behalf of those clients who have meritorious cases but who, due to the limited nature of the controversy, would not normally consider litigation as being in their client’s financial best interest. Rather than supporting this policy, the court’s fee award reflects compensation at a rate equal to 3 hours of work at the hourly rate charged by either of defendant’s attorneys. Such an award creates very little incentive for attorneys to accept residential tenants in a dispute likely to require litigation. The sum awarded, in our view, is nominal at best, and could be considered by some to be punitive.

Defendant suggests that the trial court discounted the defendant’s fee award based upon the fact that her attorneys were employed by a not-for-profit legal services agency. Comments made by the court support this inference. If this is in fact the basis of the court’s low award, we simply reject it, pointing out the lack of Illinois precedent supporting consideration of such a factor. Indeed, at least one Illinois decision has rejected the notion that legal services attorneys should be compensated at lower-than-market rates. See 
Merchandise National Bank v. Scanlon, 
86 Ill. App. 3d 719, 728-29, 408 N.E.2d 248 (1980). As the federal courts have recognized, discounting the legal fees awarded to legal aid attorneys would serve only to chill the impulse of attorneys to pursue and continue careers in legal service work since the receipt of such fees promotes the health and continued existence of their employing organizations. See 
Torres v. Sachs, 
538 F.2d 10, 13 (2d Cir., 1976); 
Rodriguez v. Taylor, 
569 F.2d 1231, 1245 (3d Cir., 1977). We agree with the observation made in 
Fairley v. Patterson, 
493 F.2d 598 (5th Cir., 1974), where the court wrote:

 “‘Whether or not [the client] agreed to pay a fee and in what amount is not decisive. *** The criterion for the court is not what the parties agreed but what is reasonable.’ [Citation] Whether the attorney charges a fee or has an agreement that the organization that employs him will receive any awarded attorneys’ fees are not bases on which to deny or limit attorneys’ fees or expenses.” 
Fairley, 
493 F.2d at 607, quoting 
Clark v. American Marine Corp., 
320 F.Supp. 709, 711 (ED La., 1970), aff’d 437 F.2d 959 (5
th
 Cir., 1971). 

In addition, we note that assessing reasonable fees has the potential added benefit of deterring wrongdoing in the first place. 
Rodriguez, 
569 F.2d at 1245.

Nor do we think the fact that plaintiff recovered only $1,200 should significantly limit defendant’s attorney’s fees. Once again, such a limitation would undermine vigorous enforcement of the Ordinance. In 
Merchandise National Bank, 
for example, the court addressed similar arguments in rejecting such limitations on attorney’s fees in the Truth in Lending context:

“[a] provision for attorney’s fees helps assure that enforcement will take place. But such a provision is rendered meaningless unless attorneys for successful parties are given reasonably adequate compensation for their services. The need for adequate compensation is particularly important since the statutory penalty [for a Truth in Lending claim] is limited to $1,000. If a presumption is imposed that a successful attorney is allowed only the amount recovered by his client, creditors can effectively preclude the filing of all Truth in Lending actions. By refusing to negotiate even reasonable claims and by litigating every case, creditors can soon force a debtor to terminate litigation, not because his claim is invalid but because it is no longer economically feasible for his attorney to continue the case.” 
Merchandise National Bank, 
86 Ill. App. 3d at 730.

The same logic applies to this case. If such a rule were not in place, tenants would quickly find themselves unable to engage counsel.

Finally, we note that the defendant’s lawyers in this case secured far more for their client than the $1,200 statutory damage award. The lawyers in this case avoided the claims made in plaintiffs’ suit and prevented eviction in the face of what the jury determined was an unlawful and discriminatory eviction. The record shows that such a result would not have been possible without the efforts of highly skilled legal practitioners who expended nearly 70 hours of their time on behalf of their client. A fee of merely $500, or approximately $7 per hour, is contrary to reason or the economic realities of modern legal practice.

In light of the above, we vacate the circuit court’s fee award, which we find to be an abuse of discretion and unsupported by the record, and remand the case for further proceedings. We direct the court to reconsider its decision in light of the above discussion and to enter a fee award that is consistent with the Ordinance.

For the foregoing reasons, the fee award of the circuit court of Cook County is vacated; the case is remanded with directions.

CAMPBELL, P.J., and QUINN, J., concur.