GLORIA B. GRIFFITH, Plaintiff-Appellee, v. PEMBROKE TOWNSHIP *et al.*, Defendants-Appellants.

Third District   No. 3—99—0799

Opinion filed June 12, 2000.—Rehearing denied July 24, 2000.

Jerome C. Shapiro (argued), of Kankakee, for appellants.

Thomas E. McClure (argued), of Elliott & McClure, of Bourbonnais, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff Gloria B. Griffith, assessor of Pembroke Township (Township), sought a writ of *mandamus* in the circuit court requiring the Township to reimburse her for office-related expenses. The circuit court ordered the Township to (1) reimburse Griffith for funds expended in connection with the assessor's office; (2) pay her attorney fees in an earlier action; (3) effect a salary increase; and (4) establish a petty cash fund. The Township appeals. We affirm in part and reverse in part.

## I. FACTS

Griffith was appointed the Township assessor in February 1997. Since that time, she has maintained the assessor's office in her private home. She has not obtained office equipment or supplies through the Township. Rather, she has used her personal computer and purchased supplies from a non-Township affiliated retailer. Griffith submitted "expense reports" to the Township for reimbursement of these expenditures; the Township refused to reimburse her.

In June 1997, the Township asked Griffith to relocate the assessor's office to the town hall; Griffith refused to move the office from her home. The Township filed a *mandamus* action against Griffith, seeking an order that she relocate her office. The trial court dismissed the Township's suit.

Griffith subsequently filed the instant action, seeking reimbursement for office equipment, supplies, utility charges, postage and a personal driver. She also requested the establishment of a petty cash fund. After a bench trial, the court awarded Griffith "all unpaid expenses claimed, including tax thereon and late charges and any unpaid salary" with certain minor exceptions. In addition, the court ordered the Township to pay Griffith's attorney fees in the earlier action filed by the Township and to establish a $500 petty cash fund.

## II. ANALYSIS

### A. Equipment and Supplies

The Township argues that section 2—80 of the Property Tax Code (Code) (35 ILCS 200/2—80 (West 1996)) requires it to "provide" Griffith with an office, storage space, equipment and office supplies, but that it does not allow for "reimbursement" of these expenses.

Griffith responds that the term "provide" encompasses "reimbursement." Furthermore, the Township has no discretion over the

administration of the assessor's office. Finally, the trial court heard evidence that the Township failed to provide her with an office, storage space and equipment.

A fundamental principle of statutory construction is to ascertain and give effect to the legislature's intent. *Vrombaut v. Norcross Safety Products, L.L.C.*, 298 Ill. App. 3d 560, 562, 699 N.E.2d 155, 156 (1998). Intent is best demonstrated by the language of the statute itself. *Vrombaut*, 298 Ill. App. 3d at 562, 699 N.E.2d at 156. If the legislature's intent is clear from a statute's plain language, a court must confine its inquiry to a consideration of that language. *Vrombaut*, 298 Ill. App. 3d at 562, 699 N.E.2d at 156. Questions of statutory construction are questions of law. *Vrombaut*, 298 Ill. App. 3d at 562, 699 N.E.2d at 156.

■ Section 2—80 of the Code provides:

> "Township and multi-township assessors *** shall be *reimbursed* for their reasonable travel, meal, lodging and registration expenses incurred in attendance at a school of instruction prescribed by the Department. The board of town trustees shall *provide* the office and storage space, equipment, office supplies *** and other items as are necessary for the efficient operation of the office." (Emphasis added.) 35 ILCS 200/2—80 (West 1996).

■ Pursuant to the plain language of section 2—80, the Township has a duty to reimburse Griffith for particular travel expenses. Section 2—80 does not allow for reimbursement of the expenditures claimed by Griffith in the instant action. Indeed, the legislature specifically stated that a township "shall provide the office and storage space, equipment, office supplies *** and other items as are necessary for the efficient operation of the [assessor's] office." 35 ILCS 200/2—80 (West 1996). If the Township failed to reasonably "provide" Griffith with the requirements of section 2—80, she could have sought judicial relief. The proper course of action for an assessor is not to independently purchase or lease equipment and space. Thus, the circuit court order granting reimbursement for office space, equipment and supplies is reversed.

## B. Attorney Fees

The Township argues that (1) Griffith failed to cite any statute or agreement on which to base an attorney fee award; (2) Griffith is not entitled to an attorney fee award because her third amended complaint does not state a claim for attorney fees; and (3) the trial court improperly shifted the burden of proof.

■ The Township first argues that without a contract provision or statute, a party cannot recover attorney fees. A township official who is sued in an official capacity by a township board "is entitled to be represented by independent counsel" where a conflict of interest ex-

ists between the official and the board. *Wayne Township Board of Auditors v. Ludwig*, 154 Ill. App. 3d 899, 906-08, 507 N.E.2d 199, 204-05 (1987); *Franks v. Township of Riley*, 50 Ill. App. 3d 99, 100-01, 365 N.E.2d 175, 176-77 (1977). A trial court may award attorney fees to an official who has hired independent legal counsel under these circumstances. *Wayne Township Board of Auditors*, 154 Ill. App. 3d at 906-08, 507 N.E.2d at 204-05. An attorney fee award will not be disturbed unless it amounts to an abuse of discretion. *Pitts v. Holt*, 304 Ill. App. 3d 871, 872, 710 N.E.2d 155, 156 (1999).

■ In this case, the trial court awarded Griffith attorney fees for her defense of the assessor's office against a *mandamus* action brought by the Township. Because the Township attempted to force Griffith, as the Township assessor, to relocate her office, and the Township was represented in that action by the Township attorney, a conflict of interest existed between Griffith and the Township. Thus, Griffith had the right to seek independent legal counsel; the trial court's attorney fee award was appropriate. See *Wayne Township Board of Auditors*, 154 Ill. App. 3d at 906-08, 507 N.E.2d at 204-05; *Franks*, 50 Ill. App. 3d at 100-01, 365 N.E.2d at 176-77.

■ The Township's second argument, that Griffith failed to request attorney fees in her third amended complaint, does not persuade. Griffith's third amended complaint alleges that she "submitted expense reports to [the Township] for the period of April 1997 through April 1999, copies of such reports are attached hereto as Exhibits 'A' through 'U.'" Exhibit "G," which is attached to Griffith's third amended complaint, sets forth an attorney fee claim. In her prayer for relief, Griffith requested payment for expenses contained "in Exhibits 'A' through 'U.'" Thus, Griffith sufficiently pled a claim for attorney fees.

■ Finally, the Township complains that the circuit court shifted the burden of proof. In its written order, the trial court stated that attorney fees were "incurred defending the Township Assessor's office itself. That is[,] the Assessor defended the Office's right of independence from the board." Although the trial court did state in its written order denying the Township's motion for reconsideration that "[n]o testimony was presented by the [Township] that the fees were not a necessary expense of the office," the court was merely explaining that Griffith had been the only party to address this issue prior to the motion for reconsideration. Thus, the Township's claim must fail; the trial court's attorney fee award is affirmed.

### C. Salary Increase

■ The Township contends that Griffith failed to provide sufficient

proof that a salary increase had been authorized by the board. In response, Griffith points to the testimony of Melba Randolph, a Township trustee, who stated that a salary increase had been set to take effect in May 1997.

Section 2—70 of the Code states that "[e]ach multi-township or township board of trustees shall set the salary of its multi-township or township assessor before his or her election." 35 ILCS 200/2—70 (West 1996). A determination of whether a township increased its assessor's salary will not be disturbed unless it is against the manifest weight of the evidence. See *People ex rel. Illinois Historic Preservation Agency v. Zych*, 186 Ill. 2d 267, 278, 710 N.E.2d 820, 825 (1999).

According to the bystander's report in this case, "Randolph testified that when Barbara Smith Jones was the Township Supervisor, prior to Ms. Covington, she (Ms. Randolph) was on the Board and that the salary for the Assessor was to be raised [to] $500 per month, effective in May, 1997." Although Randolph apparently possessed knowledge that the assessor's salary "was to be raised *** in May 1997," she did not testify that the board of trustees actually approved a pay raise. Further, there was no evidence in the record of a resolution, ordinance or other official action by the Township authorizing a pay increase. Thus, Griffith's claim must fail; the circuit court's ruling is reversed.

### D. Petty Cash Fund

■ The trial court ordered the Township to provide Griffith with $500 for a petty cash fund. The Township argues that Griffith produced no evidence of the need for petty cash. Griffith responds that an advance payment for legitimate expenses is a proper means of conducting governmental business.

In ruling on this issue, the circuit court stated that "[t]here was no detailed evidence given as to why such an advance was needed." We have reviewed the record and agree. Moreover, Griffith has failed to cite any statute or ordinance that allows for the creation of a petty cash fund, and we are unaware of any authority upon which this court may rely. Because there is insufficient evidence in the record to support the need for petty cash and no statutory authority upon which such an award may be based, the circuit court's ruling must be reversed.

### III. CONCLUSION

The circuit court's attorney fee award is affirmed. The awards of reimbursement for office expenditures, a salary increase and petty cash are reversed.

The judgment of the circuit court of Kankakee County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

SLATER, P.J., and BRESLIN, J., concur.