No. 2--04--0389

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE OF
 
ILLINOIS,

Plaintiff-Appellee,

v.

THE CHERRY VALLEY PUBLIC LIBRARY DISTRICT,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit 

Court of 
Boone
 County.

No. 03--MR--68

Honorable

Joseph G. McGraw,

Judge, Presiding.

______________________________________________________________________________

JUSTICE GROMETER delivered the opinion of the court:

Defendant, the Cherry Valley Public Library District (District), appeals the judgment of the circuit court of Boone County granting summary judgment in favor of plaintiff, the State of Illinois.  The present action was initiated when the State filed a 
quo warranto
 action challenging the District's authority to annex territory in southwestern Boone County.  The trial court held that the annexation was not authorized by section 15--15 of the Public Library District Act of 1991 (Act) (75 ILCS 16/15--15 (West 2002)) and that the notice of the annexation published by the District was defective (see 75 ILCS 16/1--30 (West 2002)).  For the reasons that follow, we affirm.

The instant dispute arose out of the District's attempt to annex certain land in Boone County.  The land was adjacent to the District's borders and was located within two school districts that are partially served by the District.  Invoking section 15--15 of the Act (75 ILCS 16/15--15 (West 2002)), the District sought to annex the territories by ordinance.  No referendum was held.  Section 15--15 provides, in pertinent part, as follows:

"Whenever a municipality or school district included entirely or partially within a district has annexed or otherwise includes within its boundaries territory contiguous to the district and without local tax supported public library service, the district may annex that territory by the passage of an ordinance to that effect, describing the territory annexed and reciting the prior annexation or other inclusion of the territory by the municipality or school district."  75 ILCS 16/15--15 (West 2002).

This statute allows, in certain circumstances, a library district to annex territories solely by passing an ordinance.  Those circumstances are: (1) the municipality or school district is partially or wholly a part of a library district, and (2) the municipality or school district "has annexed or otherwise includes" the territory within its boundaries.

At issue in this appeal is the meaning of the phrase "otherwise includes."  The State reads it to require that the territory was the object of some action by the municipality or school district that resulted in it being included within the municipality or school district.  The District, conversely, argues that "otherwise includes" simply means the state of being included within the entity in question.  The distinction is significant in this case, for the territory at issue was never annexed or otherwise added to the two school districts.  It was apparently always a part of them.  If, then, the State is correct, section 15--15 applies only where a school district or municipality takes some action to bring territory external to it within the boundaries of the school district or municipality.  In that case, the District's attempted annexation at issue in the present case would be void, for section 15--15 would not apply to this situation.

To resolve this question, we must construe section 15--15.  Statutory construction is a question of law; therefore, our review is 
de novo
.  
Alison C. v. Westcott
, 343 Ill. App. 3d 648, 650 (2003).  Our primary goal in construing a statute is to ascertain and give effect to the intent of the legislature.  
Vrombaut v. Norcross Safety Products, L.L.C.
, 298 Ill. App. 3d 560, 562 (1998).  Typically, the best indicator of that intent is the plain language of the statute itself.  
Boaden v. Department of Law Enforcement
, 171 Ill. 2d 230, 237 (1996).  However, where a statute is ambiguous, we may turn to external aids to guide our inquiry.  
People v. Hicks
, 164 Ill. 2d 218, 222 (1995).  Among these aids are the various rules of construction that have been developed by the courts.  Useful here is the principle that a statute should be construed such that no portion of it is rendered meaningless.  
In re Marriage of Kates
, 198 Ill. 2d 156, 167 (2001).  Moreover, where two statutes relate to the same subject matter, they should be construed 
in pari materia
, and an interpretation that gives meaning to both is favored.  
Anderson v. Chicago Board of Election Commissioners
, 284 Ill. App. 3d 832, 835-36 (1996).

We have little difficulty concluding that this statute is ambiguous and that external aids of construction are necessary to discern the intent of the legislature.  The parties and
 the Illinois Library Association, which filed a brief as 
amicus curiae
, contend that the statute is clear and that its plain language controls.  No one, however, agrees on what the statue means.  Mere disagreement between the parties is not, of course, a sufficient reason to find a statute ambiguous.  
Cf.
 
U S G Interiors, Inc. v. Commercial & Architectural Products, Inc.
, 241 Ill. App. 3d 944, 949 (1993) (applying this principle to a contract).  However, where, as here, multiple parties advance alternate but reasonable interpretations of a statute, the statute is ambiguous.  
Land v. Board of Education of the City of Chicago
, 202 Ill. 2d 414, 426 (2002).

The District's reading of the statute finds support in the grammar of the statute itself, as well as some additional support in its legislative history.  Section 15--15 states that territory may be annexed to a library district if it has been annexed by a municipality or school district or if the school district or municipality otherwise includes the territory.  Note that "has annexed" is in the past tense and "otherwise includes" is in the present tense.  75 ILCS 16/15--15 (West 2002).  Thus, it is colorable to interpret section 15--15 as applying to territory that either has been previously annexed at some point or is a part of the municipality or school district at the present time.  Moreover, as the District points out, the statute was amended in 1985 when "included" was changed to "includes."  Pub. Act 84--291, eff. January 1, 1986.  Thus, argues the District, the legislature manifested an intent to bring all land presently included with a municipality or school district within the scope of section 15--15.  This is a reasonable interpretation of the statute.

However, it is not the only reasonable interpretation of section 15--15.  Quite obviously, as the State points out, the District's reading of the statute renders "has annexed" superfluous.  Territory that has previously been annexed by a municipality or school district is territory that is presently included with such an entity.  Constructions that render a portion of a statute meaningless are not favored.  
Kates
, 198 Ill. 2d at 167.  Thus, the State's position that "includes" refers to some action of inclusion other than an annexation is reasonable as well.

We find the State's interpretation of section 15--15 to be proper.  In resolving this issue, we find the statutory scheme of the entire Act dispositive.  75 ILCS 16/1--1 
et seq.
 (West 2002).  It is axiomatic that statutes related to the same subject matter are to be read in conjunction.  
Anderson
, 284 Ill. App. 3d at 835.  Considering the Act as a whole, it is clear that the District's interpretation would not only render the phrase "has annexed" redundant, it would make another entire section of the Act meaningless.  Section 15--10 of the Act provides:

"Uninhabited private property within municipality.
 
 (a) Territory within the boundaries of a municipality that has no voters residing in it and that consists in whole or in part of private property may be annexed to the district as provided in this Section.

 (b) A written petition describing the territory and signed by the owners of record of all land within the territory may be filed with the Board of Trustees of the library district.  The petition, made under oath, shall request annexation and state that no voters reside within the territory.  The trustees 
shall then, by ordinance, annex the described territory.  No referendum need be held.
"  75 ILCS 16/15--10 (West 2002).

If, as the District proposes, all territory within a municipality or school district falls within the scope of section 15--15, section 15--10 is completely superfluous.  The District's reading of section 15--15 means that all territory within a municipality is subject to annexation by ordinance.  Section 15--10 sets forth a procedure where any land within a municipality upon which no voters reside may be annexed by ordinance.  Uninhabited land within a municipality is also simply land within a municipality.  As land within a municipality, it would be subject to section 15--15 if the District's construction were to prevail.  Section 15--10 would serve no purpose.  We will not adopt an interpretation of a statute that renders another statute completely meaningless.  See 
Anderson
, 284 Ill. App. 3d at 835-36.  Accordingly, we hold that section 15--15 of the Act applies only where territory is added to a municipality through an annexation or some other such mechanism.

Having concluded that the District's attempted annexation under section 15--15 of the territory at issue is invalid, we need not consider whether the notice that the District provided to effectuate this annexation was sufficient.  The judgment of the circuit court of Boone County is affirmed.

Affirmed.

HUTCHINSON and KAPALA, JJ., concur.

Supplemental Opinion on Denial of Rehearing

JUSTICE GROMETER delivered the opinion of the court:

Defendant, the Cherry Valley Public Library District, has filed a petition for rehearing in the instant case.  In the petition, it argues that our decision was erroneous in two respects.  First, defendant contests our reasoning regarding whether its interpretation of section 15--15 of the Public Library District Act of 1991 (Act) (75 ILCS 16/15--15 (West 2002)) would render section 15--10 (75 ILCS 16/15--10 (West 2002)) meaningless.  It next argues that our reliance on the principle that a statute should not be interpreted so that a portion of it is rendered meaningless is erroneous in the present case.  In the alternative, defendant requests that we certify this case for review by the supreme court pursuant to Supreme Court Rule 316.  155 Ill. 2d R. 316.

Defendant first argues that section 15--15 and section 15--10 can be applied in slightly different circumstances.  Therefore, section 15--15, interpreted as defendant advocates, would not render section 15--10 meaningless.  Defendant points out that section 15--15 applies only to territories within a municipality of which a library district already serves a portion, while section 15--10 may be used even if the territory in question lies within a municipality that is not served by the library district.  Generally, a statutory construction should be avoided that would lead to absurd results.  
In re Brandon L.
, 348 Ill. App. 3d 315, 319 (2004).  Section 15--10 allows for the annexation of uninhabited territory by ordinance with the consent of the owner of the property.  75 ILCS 16/15--10 (West 2002).  A section 15--15 annexation requires a referendum if 10% of the registered voters in the area object; otherwise, the annexation may be accomplished by ordinance.  75 ILCS 16/15--15 (West 2002).  It would seem peculiar indeed if a library district could insinuate itself into a municipality by virtue of a friendly landowner and then take advantage of section 15--15 where it previously could not have.

Defendant's point is colorable; nevertheless, we 
adhere to our original decision.  Notwithstanding the argument defendant makes in this petition, ordinary principles of statutory interpretation indicate that plaintiff's interpretation is the proper one.  As we noted in our earlier opinion, section 15--15 of the Act (75 ILCS 16/15--15 (West 2002)) is ambiguous.  The word "includes" may be interpreted as either to 
make
 a part of or to 
be
 a part of.  See 
Webster's Third New International Dictionary 833 (2002).  On its face, then, the statute is ambiguous.

Turning to external aids of construction, each party has something upon which to rely.  As we stated before, defendant's interpretation finds some support in the grammar of the statute as well as its legislative history.  It does, however, suffer from a major flaw; it makes the term "has annexed" superfluous.  See 
In re Marriage of Kates
, 198 Ill. 2d 156, 167 (2001).
  Plaintiff's construction of the statute does not.  We find this consideration entitled to more weight in the instant case.  Quite obviously, the legislature meant something when it wrote "has annexed."  
See 
Sylvester v. Industrial Comm'n
, 197 Ill. 2d 225, 232 (2001).
  This is simply a more compelling factor than speculation about changes in the grammar of the provision.  In other words, plaintiff's interpretation is more reasonable.

This case presents an exceedingly close question.  Both parties present considerable support for their respective positions.  In such circumstances, a court must choose the construction that it determines is most reasonable.  When confronted with an unresolvable ambiguity in a purported contract, we may simply conclude that no contract exists.  See 
Meyer v. Marilyn Miglin, Inc.
, 273 Ill. App. 3d 882, 888-89 (1995).  We do not have this luxury with a statute.  The statute was enacted, it exists, and it must mean something.  Given two reasonable interpretations, we must choose one.  The only basis for choice is determining which is the most reasonable.  Here, we conclude that plaintiff's construction must prevail.

Defendant states that phrases such as "or otherwise includes" appear over 3,000 times in Illinois statutes.  It argues, "It is simply not uncommon or unusual for the legislature to specify specific examples of a statute's application, followed by the 'or otherwise' reference to the more general term."  If such phrases are merely legislative boilerplate, it would seem that defendant would have an even greater problem advocating its position.  The sole term left with meaningful content, which "otherwise includes" exemplifies, is "annexed."  "Annexed" clearly implies an action of inclusion rather than a state of being included.

Finally, defendant requests that we certify this case for supreme court review.  155 Ill. 2d R. 316.  This power should be used sparingly.  
Watson v. J.C. Penney Co.
, 237 Ill. App. 3d 976, 980 (1992).  While this case is one of first impression and of obvious importance to library districts, it is also a relatively straight-forward case.  Thus, we deem it best that defendant proceeds through usual channels and seeks leave to appeal from the supreme court.

Accordingly, defendant's petition for rehearing is denied.

HUTCHINSON and KAPALA, JJ., concur.