2026 IL App (1st) 242180-U

No. 1-24-2180

Order filed March 20, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SUZETTE DAVIDSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 108047 |
| | ) | |
| ANDREA PARSONS-PASSMORE, | ) | Honorable |
| | ) | Regina Mescall, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Mikva and Wilson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion by awarding reduced attorney fees pursuant to the Chicago Residential Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12 (amended May 1, 2024); however, we reverse the court's reduction of court costs contrary to section 5-12-180 of the RLTO (*Id*. § 5-12-180) and remand to the circuit court for entry of the full court costs sought by plaintiff.

¶ 2    Plaintiff Suzette Davidson, through private counsel, filed a complaint against *self-represented* defendant Andrea Parsons-Passmore for violations of the Chicago Residential

Landlord and Tenant Ordinance (RLTO) (Chicago Municipal Code § 5-12 (amended May 1, 2024). Plaintiff prevailed, with a partial summary judgment entered on April 5, 2024, and judgment on the remaining counts of her complaint entered on July 18, 2024, after a bench trial. Upon being granted leave of court, plaintiff's counsel subsequently filed a fee petition for statutory attorney fees. After a hearing on the fee petition, the circuit court awarded plaintiff a portion of the attorney fees and costs on October 1, 2024. Plaintiff has appealed, contending that the circuit court abused its discretion in "drastically reducing [her] attorney fees and costs without providing a legal basis for doing so."

¶ 3 Although defendant has not filed a brief on appeal, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976), on plaintiff's brief only.

¶ 4 For the following reasons, we affirm in part and reverse in part.

¶ 5 BACKGROUND

¶ 6 As this appeal is related to the award of attorney fees and costs, we will limit our discussion to such facts as are necessary to decide this issue.

¶ 7 On April 16, 2021, plaintiff filed a five-count verified complaint against defendant, alleging in counts I through IV that defendant violated certain sections of the RLTO. Count V sought the return of plaintiff's security deposit under common law theories. Specifically, count I alleged that defendant violated section 170 of the RLTO (Chicago Municipal Code § 5-12-170 (amended May 1, 2024) by failing to give her the required current version of the RLTO summary, inclusive of the current interest rate summary at the time the lease and renewal lease were offered to her. Count II alleged that defendant violated section 080 of the RLTO (*Id.* § 5-12-080) by failing

to: (1) provide plaintiff with a written receipt that complied with the requirements of the ordinance; (2) disclose the name and address of the bank where the plaintiff's security deposit was held; (3) hold plaintiff's security deposit in a federally insured interest-bearing account in Illinois separate from defendant's assets; (4) pay plaintiff interest on her security deposit; and (5) return plaintiff's security deposit to her. Count III alleged that defendant violated section 140(h) of the RLTO (*Id*. § 5-12-140(h) by charging a late fee in excess the amount allowed by the ordinance. Count IV alleged a violation of section 100 of the RLTO (*Id*. § 5-12-100) because defendant failed to disclose code violations cited against common areas of the property. Count V alleged in the alternative that she was entitled to the return of her security deposit under various common law theories.

¶ 8    A default judgment was entered against defendant on January 13, 2022, and a prove-up was scheduled for March 31, 2022. On that date, defendant appeared in court via Zoom, and was granted until April 22, 2022, to file her appearance and leave to file a motion to vacate default, which she did on April 25, 2022.[1] On June 2, 2022, the circuit court vacated the default and granted defendant until June 30, 2022, to file her answer to plaintiff's verified complaint. After defendant's answer was filed, plaintiff filed a motion for summary judgment. Defendant did not file a response to the summary judgment motion; however, plaintiff filed her petition for statutory attorney fees pursuant to section 180 of the RLTO (*Id*. § 5-12-180) and scheduled the hearing for the same day as the summary judgment motion.

¶ 9    The summary judgment motion was scheduled for hearing on October 2, 2023, at which time defendant verbally requested additional time to respond to the motion. The circuit court held

---

[1] Defendant was *self-represented* during all of the proceedings in the circuit court.

an informal settlement conference at that time before continuing plaintiff's summary judgment motion to November 9, 2023, and ordered defendant to send plaintiff's counsel her tax returns for the prior three years if she wanted plaintiff to consider reducing her settlement demand. On November 8, 2023, a different judge continued the matter to December 1, 2023, for status on the settlement hearing or setting a hearing date for the summary judgment motion. On December 1, 2023, the circuit court granted defendant additional time to file a response to plaintiff's summary judgment motion. Defendant's response was due on January 19, 2024, and the motion was scheduled for hearing on March 19, 2024. Defendant filed some documentation in response, to which plaintiff responded by filing a second petition for attorney fees in an attempt to expedite the matter.

¶ 10    On March 19, 2024, the circuit court granted defendant additional time to respond to the summary judgment motion, and she subsequently filed a response. On April 5, 2024, circuit court judge John M. Allegretti granted partial summary judgment in favor of plaintiff on counts I and II of the verified complaint, in the amounts of $100 and $7050 respectively. The remainder of the case was assigned to a trial courtroom. Plaintiff refiled a motion for summary judgment on count IV and the court subsequently set a briefing schedule. On July 11, 2024, the circuit court denied plaintiff's motion for summary judgment and conducted a settlement conference. According to plaintiff, the court recommended a reduction of plaintiff's attorney fees by 50% and scheduled a bench trial regarding count III (late fees) for July 18, 2024.

¶ 11    Both plaintiff and defendant testified at trial. In closing argument, plaintiff's counsel argued that defendant charged a $113.75 late fee when the maximum amount that could have been charged was $110, and the requested statutory judgment amount was $4700. After trial, the circuit

court found in favor of plaintiff on count III for $4700, bringing plaintiff's total recovery under the complaint to $11,850. The circuit court granted plaintiff leave to file an attorney fees petition.

¶ 12 Plaintiff subsequently filed a third fee petition on August 8, 2024. In the petition, plaintiff noted that she attempted to settle the matter with defendant several times, initially seeking $10,867.92 in July 2022 and then a $15,000 settlement in October 2023. Plaintiff stated that defendant rejected the first settlement offer and would only agree to the second if she could make monthly payments of no more than $200. In May 2024, plaintiff proposed that defendant concede judgment on count III but defendant did not respond. In July 2024, plaintiff offered to settle count III for half of the statutory damages but defendant did not respond. Plaintiff's counsel's affidavit attached to the fee petition stated that the matter incurred 35 total hours at $425 per hour, 7.5 hours for her associate at $300 per hour and 3 hours of paralegal time at $50 per hour. The total legal fees sought in the petition was $14,087.50, as well as $1117.92 in court costs. Defendant did not respond to the fee petition, but plaintiff nevertheless filed a reply addressing some defenses commonly raised in response to fee petitions filed under section 180 of the RLTO.

¶ 13 On October 1, 2024, the circuit court held a hearing on plaintiff's fee petition. At the hearing, plaintiff's counsel argued that multiple courts have previously found her firm's hourly fees to be reasonable. The record indicates that defendant interjected that plaintiff's counsel refused to accept any money from her, stating that the amount offered was too low and that she was pathetic. The circuit court noted that the total judgment amount was over $11,000 while the actual amount that was overcharged was less than $10, and the court found that, based on a technicality, the defendant was hammered with statutory fees. The court also noted that defendant was *self-represented* in this matter, and the record established that defendant lived out of state. The

court determined that, in the interest of justice, it was cutting the attorney fees down to $3000 and $500 for costs.

¶ 14    Plaintiff's counsel asked the circuit court for the basis of the decision, and the court indicated that the result of the trial was that defendant technically violated the RLTO by a minimum amount, which had statutory ramifications leading to an outstanding debt of $4700, which defendant will need to make payments on. However, the court stated that it was not going to award $14,000 for attorney fees because it thought the amount was outrageous and stated that they could agree to disagree. The court further stated that "it did not think it to be in the interest of justice that going $4 over the [maximum allowed] late fee would justify $14,000, and no way in good faith would [it] issue that amount of money", finding $3000 to be more than fair.

¶ 15    Plaintiff filed her notice of appeal on October 30, 2024.

¶ 16                                    ANALYSIS

¶ 17    As noted above, on appeal, plaintiff contends that the circuit court abused its discretion in "drastically reducing [her] attorney fees and costs without providing a legal basis for doing so." She argues that the RLTO is a remedial statute and its primary purpose is to protect tenants. Additionally, plaintiff maintains that defendant drove up the cost of litigation by her conduct in these proceedings, such as failing to accept reasonable settlement offers, and should not be rewarded for such. Plaintiff further notes the relevant factors to be considered by the court in determining the amount of attorney fees, the RLTO provides that the prevailing plaintiff shall be awarded attorney fees and the circuit court appeared to limit plaintiff's attorney fees based on the proportionality concept which has been specifically rejected by this court. Plaintiff requests that this court award her full attorney fees and costs as well as fees and costs related to this appeal.

¶ 18    Section 5-12-180 of the RLTO provides:

"Except in cases of forcible entry and detainer actions, the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance shall be entitled to all court costs and *reasonable* attorney's fees; provided, however, that nothing herein shall be deemed or interpreted as precluding the awarding of attorney's fees in forcible entry and detainer actions in accordance with applicable law or as expressly provided in this ordinance." (Emphasis added.) Chicago Municipal Code § 5-12-180 (amended May 1, 2024).

The purpose of this ordinance is, as noted by plaintiff, to protect tenants and hold landlords to a high standard of conduct when entrusted with a tenant's money. *Lawrence v. Regent Realty Group, Inc.*, 307 Ill. App. 3d 155, 159 (1999). Moreover, this court has previously found the ordinance to be remedial, rather than penal, in nature. *Id*. Upon violations of the RLTO, a prevailing plaintiff is entitled to a hearing on a fee petition and "reasonable" fees. *Id*. at 161.

¶ 19    The amount of attorney fees awarded by a trial court is within its sound discretion and will not be disturbed absent a finding that the trial court abused its discretion. *Pitts v. Holt*, 304 Ill. App. 3d 871, 872 (1999). All reasonable presumptions are in favor of the action of the trial court, and, absent an affirmative showing to the contrary, the reviewing court will assume that the trial court understood and applied the law correctly. *In re Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 24. We will reverse the amount of attorney fees only if no reasonable persons would make the same decision as the trial court. *Shoreline Towers Condominium Ass'n v. Gassman*, 404 Ill. App. 3d 1013, 1024 (2010). Nor may we reverse an award of attorney fees merely because we may have

reached a different conclusion. *Plambeck v. Greystone Management & Columbia National Trust Co.*, 281 Ill. App. 3d 260, 273 (1996).

¶ 20    It is well established that the burden of proof is on the attorney to establish the value of his or her services and that appropriate fees consist of reasonable charges for reasonable services. *Id.* ¶ 25. In order to justify the fees sought, the attorney must present more than a mere compilation of hours multiplied by a fixed hourly rate. *Id.* Rather, the attorney must provide sufficiently detailed time records that were maintained throughout the proceeding, and those records must specify the services performed, by whom they were performed, the time expended thereon, and the hourly rate charged. *Id.* Records presented by the petitioner should be scrutinized for their reasonableness in the context of the case. *Id*.; *Richardson v. Haddon*, 375 Ill. App. 3d 312, 314 (2007). In ruling on the reasonableness of fees, the trial judge may also rely on his or her own experience. *Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 25.

¶ 21    Factors to be considered when setting the proper amount of an award are the skill and standing of the attorney employed, the nature of the case, the degree of responsibility required, the usual and customary charges for the same or similar services in the community and the reasonable connection between the fee charged and the litigation. *Pitts*, 304 Ill. App. 3d at 872. When a trial court awards less than the amount requested in a fee petition, the court's ruling should include the reasons justifying a particular reduction. *Marriage of Kane*, 2016 IL App (2d) 150774, ¶25.

¶ 22    Within this framework, we turn our attention to the merits of the appeal before us. After evaluating the criteria set forth above, we find that the circuit court did not abuse its discretion when it awarded attorney fees in the amount of $3000.

¶ 23    The underlying matter involved violations of the RLTO which essentially amounted to defendant charging $3.75 more than the allowable late fee, failing to provide a copy of the RLTO, a receipt for the security deposit, the name of the bank where the deposit was held and so forth. The ordinance set forth very specific penalties for violations and plaintiff was awarded those amounts in part by summary judgment and final judgment after a very short bench trial. While plaintiff was represented by counsel throughout the proceedings, defendant was self-represented and lived out of state during the pendency of the proceedings. Those details become important when examining the factors related to the nature of the case, the novelty and difficulty of the case and the degree of responsibility required.

¶ 24    Plaintiff's counsel filed a fee petition seeking $14,087.50 in attorney fees based on 35 total hours for her time at $425 per hour, 7.5 hours for her associate's time at $300 per hour, and 3 hours of paralegal time at $50 per hour. Counsel's fee petition further indicated that she was licensed in November 1994 and had represented "hundreds if not thousands" of tenants in similar matters since 2001. Thus, counsel has practiced significantly in landlord-tenant matters for 20 years when the complaint was filed in this case. Those facts cast doubt on whether this case, particularly where the landlord appeared self-represented and filed minimal pleadings or documents, was novel or difficult for plaintiff's counsel to handle rather than simply a routine matter that required no excess skill outside of the ordinary as related to counsel's practice. This is particularly questionable where there was no opposing counsel in this case who filed sophisticated pleadings requiring substantial research or significant drafting time to respond on plaintiff's behalf.

¶ 25    Moreover, the record indicates that plaintiff filed a lot of pleadings throughout this case, including a total of three fee petitions, only the last of which was pursuant to leave of court. The

record also indicates that plaintiff filed a "proactive" pleading in reply to her fee petition, even where defendant had not filed a response. While plaintiff focuses on defendant's failure to settle the case prior to trial as driving up the costs of litigation, the record suggests that some of the pleadings filed by plaintiff's counsel were not necessary and it was those things that presumably added to the legal fees. Additionally, the record indicates that defendant testified at trial and the hearing on the fee petition that it was plaintiff who would not accept what she could afford to pay monthly.

¶ 26    At the hearing on the fee petition, the circuit court specifically stated it was cutting the attorney fees down in the interest of justice and it believed the amount in the fee petition was outrageous. The court also stated that they could agree to disagree on the matter and that it could not in good faith grant that amount of attorney fees in this case. While the court did not expressly state its findings for each factor used to determine a reasonable fee award, it was not required to line item billing statements when reducing fees, nor was the court required to articulate with particularity how it evaluated each of the factors when assessing the reasonableness of the fees. See *Marriage of Kane*, 2016 IL App (2d) 150774, ¶ 31. The ordinance requires that the prevailing plaintiff receive a hearing on a fee petition and is entitled to reasonable attorney fees. It is clear from our review of the record that the circuit court listened to testimony, reviewed the affidavit submitted by plaintiff's counsel and determined what it found to be reasonable, contrary to plaintiff's assertions. As such, and we cannot say that the circuit court abused its discretion based on the circumstances presented in this case.

¶ 27    That said, we do however, find that the circuit court abused its discretion in awarding plaintiff $500 in court costs, when the ordinance specifically states that the prevailing plaintiff

shall be entitled to "all court costs." Chicago Municipal Code § 5-12-180 (amended May 1, 2024). We therefore reverse that portion of the court's judgment and remand for entry of an order awarding plaintiff a total of $1117.92 in court costs. We decline to award further attorney fees to plaintiff associated with this appeal.

¶ 28                               CONCLUSION

¶ 29     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed as to the award of attorney fees but reversed with respect to the award of court costs. We remand this matter to the circuit court for entry of an order awarding plaintiff $1117.92 in court costs.

¶ 30     Affirmed in part and reversed in part.

¶ 31     Cause remanded with directions.